C. F. BRAUN AND COMPANY, Employer-Appellant, v. WILLIAM E. MASON, Claimant-Appellee.

(*February* 10, 1961.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William Prickett, Jr.* (of Prickett and Prickett) for employer-appellant.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for claimant-appellee.

Supreme Court of the State of Delaware, No. 46, 1960.

WOLCOTT, J.:

This is an appeal from a judgment of the Superior Court affirming the dismissal by the Industrial Accident Board of a petition of C. F. Braun and Company for the modification of an agreement between the parties for the payment to Mason of compensation for temporary total disability.

Braun asks us to hold that in compensation cases involving technical medical problems, in this case injury to the brain, it is necessary for the Industrial Accident Board to base an award solely upon competent medical testimony, and to reject lay testimony which contradicts the expert medical testimony. We think, however, that we do not reach the question. We are of this opinion by reason of the factual situation disclosed by the record.

Mason was employed as a steel worker by Braun. On January 26, 1956, while working on his job, Mason fell to the ground a total distance of eighty-two feet, striking on the way down some scaffolding approximately fifty feet above ground level. He was taken in an unconscious condition to St. Francis Hospital and placed under the care of an admittedly qualifield neurosurgeon. He remained in an unconscious or semiconscious condition until March, 1956. An operation consisting of multiple burr holes in his skull was performed on January 30, 1956, and a bilateral subdural hygroma removed. He made steady progress during post-operative convalescence.

On May 18, 1956, Mason was discharged from the hospital, at which time a sixth nerve paralysis resulting in double vision existed, and he walked only with assistance and with wide short steps. The surgeon at the time of Mason's discharge from the hospital made no finding of percent of disability suffered by him. Mason, while released from the hospital, was still under the surgeon's care but, with the surgeon's consent, returned with his wife to his home in Tennessee.

It is to be noted that at the time of his return to Tennessee Mason was the recipient of compensation for temporary total disability paid in accordance with the voluntary agreement entered into by Braun and approved by the Industrial Accident Board.

Witnesses, admittedly friendly, called in Mason's behalf, testified that upon his return to Tennessee he could not walk unaided; could not carry on an intelligent conversation, and could not feed, bathe, or take care of himself physically.

Finally, his condition became such that his wife could not take care of him and manage him. She concluded to take him back to Wilmington and put him under the care of the

surgeon who had operated on him. On the trip back to Wilmington, Mr. and Mrs. Mason were involved in an automobile accident in which Mrs. Mason was killed, and in which he suffered further serious injuries.

The further injuries to Mason consisted of multiple lacerations of the face necessitating the removal of one eye, and fractures of the right arm and both legs. These injuries were severe and there is no question but that Mason is now and has been since the automobile accident a helpless bedridden patient.

He was examined following the automobile accident by the Wilmington surgeon in a Tennessee hospital on August 9, 1956. The surgeon testified that the automobile accident, while it had materially increased the disabilities of Mason had had at most only a minimal effect on the disabilities he suffered as a result of his fall in January of 1956.

In July of 1957, Mason was brought to the St. Francis Hospital in Wilmington and again examined by the Wilmington surgeon for the purpose of re-evaluating his disabilities resulting from his fall in January, 1956. As a result of this last examination by the surgeon, he gave as his opinion that Mason's disability prior to the automobile accident was not more than 40%. On the basis of this testimony, Braun now argues that the former award should be reduced.

The award to Mason of compensation for total disability was made pursuant to 19 *Del. C.* § 2344 which provides that an employer and an injured employee may agree with respect to compensation and, if approved by the Industrial Accident Board, that such agreement shall be final and binding until modified pursuant to 19 *Del. C.* § 2347, which provides for subsequent modification or review of an award upon petition of any party in interest. It is this code section Braun has proceeded under.

In our opinion the effect of 19 *Del. C.* § 2344 and 19 *Del. C.* § 2347 is to place upon a party seeking to modify an award by subsequent review the burden of establishing by a preponderance of competent evidence that the former award should be modified. Indeed, Braun does not challenge this view. This being so, the question before us is whether or not Braun has discharged this burden.

Braun argues that since the only expert medical evidence offered is to the effect that Mason's disabilities resulting from the first accident did not, prior to his second accident, exceed 40%, no alternative exists to a corresponding reduction in the award for total disability, since only expert medical testimony may be considered in this connection.

We express no opinion upon the question of whether or not the Industrial Accident Board in considering the extent of disability resulting from injury must rely solely upon expert medical opinion, or may rely upon, in conjunction with such testimony, the testimony of lay witnesses who relate facts concerning the injured person which they have observed. We note, however, that the authorities in other jurisdictions are not entirely harmonious upon the question. See 2 *Larson, Workmen's Compensation Law,* §§ 79.50-79.54, and 100 *C. J. S. Workmen's Compensation* § 547(10).

We think upon analysis that the testimony of Braun's medical expert does not go to the extent claimed for it. That is to say, the surgeon did not testify to medical facts which would indicate that the disabilities of Mason resulting from his compensable injury, originally total, had, as of June, 1956, been 60% eliminated. We think it apparent that his testimony was to the effect that an ordinary convalescence and normal rate of recovery should, in his opinion, have minimized Mason's disabilities to that extent. That this is the purport of his testimony is clear from the following quotation from it:

"By that 40 percent I have taken into account, he has recovered a part of his disability—in other words, his 6th nerve paralysis cleared, and along with that other neurological abnormalities such as the ataxia and the dysarthria would have cleared had he not been involved in another accident. The decision of the 40 percent was based on the probable improvement, part of which was evident, and part of which never had an opportunity to become evident."

It is thus obvious that the doctor was not basing his opinion upon medical facts he had observed as a result of his examination of the patient. His opinion was based upon some, but only upon some, of such facts necessary to an accurate appraisal. The missing facts were made impossible to obtain because of Mason's second accident. The absence of these facts is attempted to be supplied from the doctor's experience in the treatment of similar cases. His opinion is, therefore, based upon probabilities and speculations as to what should have happened had there been no second accident.

It seems to us that the situation is that it is now impossible to produce preponderant proof that the disability suffered by Mason as the result of the injuries in his first accident has now diminished. The doctor in his testimony impliedly admits as much. If it be the fact that Mason's second accident has created this impasse, that is unfortunate, but whatever the cause, Braun apparently has been rendered helpless to sustain the burden of proof required by 19 *Del. C.* § 2347. At least in this proceeding that burden has not been discharged.

The judgment below is affirmed.