FEDERAL BAKE SHOPS, INC., Employer-Appellant, v. FLORENCE MACZYNSKI, Claimant-Appellee.

*(April 2, 1962.)*

CHRISTIE, J., sitting.

*William F. Taylor* (of Morford, Young and Conaway) for the Employer-Appellant.

*James J. Walsh* for the Claimant-Appellee.

Superior Court for New Castle County, No. 1221, C. A., 1961.

CHRISTIE, J.:

This is an appeal by Federal Bake Shops, Inc., (Federal) from an award of the Industrial Accident Board for temporary total disability to one of Appellant's employees.

Mrs. Maczynski, the claimant- employee, worked as a cake decorator at Federal for approximately eight years when, in September 1959, she first noticed a fungus infection on the fingers of both of her hands. She went to Dr. John A. Chrzanowski, a Wilmington physician, who treated her for fungus of the nails during a period of a year. On September 12, 1960, a report of a test made at Memorial Hospital showed that the fungus was caused by "monilia albicans", a yeast

organism brought on by working all day with wet decorating ingredients. On her physician's recommendation, she stopped work after this diagnosis. For two days around Christmas 1960 she attempted to return to cake decorating at Federal, wearing rubber gloves while working, but the disease flared up again and she had to stop.

Federal entered into a Compensation Agreement under which its insurance carrier was to pay Mrs. Maczynski compensation from September 12, 1960, for temporary total disability. On March 15, 1961, Federal petitioned the Industrial Accident Board for review of the Compensation Agreement. The Board dismissed the Petition, and Federal appealed to this Court on the grounds that the symptoms of Mrs. Maczynski's dermatitis have terminated, that she is no longer under medical care, and that she is physically able to work in occupations other than icing cakes in which she was engaged when the dermatitis occurred.

The disease is likely to return if Mrs. Maczynski resumes the occupation of cake decorator. This was the opinion of Dr. Lawrence Katzenstein, a dermatologist who made an examination at the request of Federal's insurance carrier, and the opinion of Dr. Chrzanowski. However, it is clear that Mrs. Maczynski's hands are now cleared up and will remain so as long as she is not engaged in an occupation requiring a prolonged wet state of the hands. Ordinary household dishwashing is not harmful. From a medical standpoint, she can do any type of work other than work requiring her hands to be wet for prolonged periods of time caused either by immersion in liquid or by perspiration induced by wearing rubber gloves.

Mrs. Maczynski testified at the hearing before the Board that her employer offered her a sales job at Federal Bake Shops if she wore white gloves, a job paying less than she was making as a cake decorator, and she told him she did not want to do that type of work. She also testified that she went to the office of the Unemployment Compensation Commission

and was told to look for a job. She stated that she has "been trying the stores in town and, of course, I have no experience. Right now I guess they don't need anybody". There is no evidence or claim that her history of dermatitis had any influence on her inability to obtain other employment.

The statute governing payments for total disability which Mrs. Maczynski is claiming, 19 *Del. C.* § 2324, does not define the term "total disability", and there have been no Delaware decisions construing the term as used in the statute. Appellee contends that it means inability to return to the same employment in which the claimant was engaged at the time the injury or disease occurred, rather than inability to obtain any other employment.

The language of 19 *Del. C.* § 2325, the section governing *partial* disability payments, indicates that Appellee's interpretation of the term "disability" is not that intended by the General Assembly. It is clear that 19 *Del. C.* § 2325 contemplates the possibility of a reduced "earning power" and hence "disability" as used in § 2325 does not mean an inability to work in the same job, but means an inability to work in any suitable job due to the injury. I think the same meaning should be ascribed to the term as it appears in § 2324.

Although Appellee's view finds support in some jurisdictions, the better view, followed in the vast majority of jurisdictions, is that "total disability" or similar language in workmen's compensation statutes refers to a disability which prevents claimant from obtaining any other employment commensurate with the claimant's qualifications and training, rather than inability to continue in the same employment or the same line of work. 2 *Larson, Workmen's Compensation,* §§ 57.22, 57.53. For example, the test of "totally disabled" within the meaning of the Workmen's Compensation law, as stated in the Pennsylvania decisions, is whether the injury deprived claimant of his earning power. *Hughes v. H. Kellogg & Sons,* 139 *Pa. Super.* 580, 13 *A.* 2d 98 (1940); *Leaver v. Mid-*

*vale Co.,* 162 *Pa. Super.* 393, 57 *A.* 2d 698 (1948). For the minority view, see *Great American Indemnity Company v. Segal,* 229 *F.* 2d 845 (5th Cir. 1956) applying the Texas Workmen's Compensation law, which appears to support Appellee's contention.

Furthermore, the inability to work or to obtain work must be a direct result of the injury or disease incurred in the previous employment and not an inability caused by economic conditions or lack of job training. 2 *Larson, Workmen's Compensation,* § 57.00; *Clark v. Henry & Wright Mfg. Co.,* 136 *Conn.* 514, 72 *A.* 2d 489 (1950); *Rodriques v. Michael A. Scatuorchio, Inc.,* 42 *N. J. Super.* 341, 126 *A.* 2d 378 (1956). These latter causes of unemployment are the province of the Unemployment Compensation Commission, not the Industrial Accident Board.

The claimant here admits that her dermatitis has cleared up, and I conclude that it has not affected her ability to work in other types of employment.

I find, therefore, that the Industrial Accident Board erred in dismissing Federal's Petition to review the Compensation Agreement. On the basis of the evidence, the Board should have terminated compensation for total disability.

This holding, of course, does not prevent claimant from petitioning the Board for permanent partial disability under 19 *Del. C.* § 2325.

The decision of the Industrial Accident Board is reversed.