41005. DIXIE FIRE & CASUALTY COMPANY et al. v. THOMPSON.

FELTON, Chief Judge. Where an employee works for two employers, for convenience designated as "A" and "B" (receiving $35 per week from "A", and $54 per week from "B"), and is injured while in the employment of "A", and signs a set-

tlement agreement with employer "A", which was approved by the Board of Workmen's Compensation, providing for the payment of $21 per week based on an average weekly wage of $35 per week earned from employer "A" only, presumably for the reason that the employment for the two employers was dissimilar, *St. Paul-Mercury Indem. Co. v. Idov*, 88 Ga. App. 697, 700-701 (77 SE2d 327), his return to work for employer "B" at a wage in excess of $35 per week, where the evidence demands a finding that the employee's physical condition had not improved to the extent of (1) his ability to earn as much in the employment of employer "A", or another employer on the same or a similar job as he did from "A" before his injury, or (2) that his condition had improved to the extent that he could earn a portion of the $35 at some work, does not authorize the Workmen's Compensation Board to order discontinued the weekly payment under the approved agreement with employer "A". This is true because the settlement agreement with employer "A" did not reflect the employee's economic loss except as to his loss of wages from "A", and employer "A" cannot benefit from the employee's earnings from employer "B", not because "B" is a different employer, *Guess v. Liberty Mut. Ins. Co.*, 219 Ga. 581 (134 SE2d 783), but because the employee's settlement agreement was not based in any way on the earnings of the employee from employer "B" and did not compensate him on the basis of his total earnings and economic loss. The agreement is res adjudicata as to the amount of compensation due from employer "A" until a change in the employee's physical condition is adjudicated to show that the employee's condition has improved to the extent that he can perform some duties and earn all or part of the remuneration he was paid by employer "A" before his injury. The burden of showing such improvement is on the employer "A" where it discontinues payments without authority. The question as to what duties he can now perform with employer "B" is irrelevant except as his ability to perform them illustrates his improvement to the extent that he can now perform additional duties to earn all or part of the $35 formerly paid by employer "A". There was no competent evidence to show that the employee's physical condition had improved so as to enable him to perform his former duties with employer "A", or any other comparable employment, or a substantial part thereof and the superior

court did not err in reversing the award of the full board which stopped payments of compensation from the date of the applications for a hearing on change in condition.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED NOVEMBER 30, 1964.

*Perry, Walters & Langstaff, S. B. Lippitt, Jr.,* for plaintiffs in error.

*McDonald & Mills, Ben B. Mills, Jr.,* contra.