**SEARS, ROEBUCK & COMPANY, Petitioner Below, Appellant,**

v.

**Betty BIGELOW, Respondent Below, Appellee.**

Superior Court of Delaware.

New Castle.

Feb. 27, 1969.

David A. Drexler, and Walter L. Pepperman, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for petitioner below, appellant.

Oliver V. Suddard, and John E. Babiarz, Jr., Wilmington, for respondent below, appellee.

## OPINION

STOREY, Judge.

This case is submitted for consideration and determination upon the proceedings to review a decision of the Industrial Accident Board dismissing the Appellant's (hereinafter referred to as employer) petition for review of a voluntary compensation agreement entered into by employer and the Appellee (hereinafter referred to as employee).

The facts are that pursuant to a voluntary compensation agreement, entered into between the parties on September 22, 1966, the employee has been paid temporary total

disability in the amount of $50.00 per week because of compensable injuries received by her on August 26, 1966. Those payments continued until the employer filed its petition for review with the Industrial Accident Board. The employer's petition alleged that employee was no longer totally disabled and requested that the matter be determined in its favor. The evidence before the Board consisted of the testimony of four witnesses, including the employee, and various documentary evidence. That evidence reflected, *inter alia*, that the employee is, and has been since approximately 1948, a professional interior decorator, a portion of that time being spent in the employment of employer. After sustaining an injury to her back on or about August 26, 1966, the employee was seen by two physicians and a chiropractor; and, while undergoing rest at her home, employer entered into a voluntary agreement with her for the payment of temporary total disability. Subsequent to this arrangement, employee was seen by several other physicians and treated at a medical clinic on two occasions. The overall evaluation of the examining and treating physicians' diagnoses was that employee was not totally disabled from performing light work of the type normally required in her profession. The employee's own physician only attributed a 10% permanent partial disability to her because of a "low lumbar disc syndrome with herniation".

During the following fifteen months after her accident, and while receiving benefits from employer, employee reactivated her interior decorating business, and had an average per month sales income of approximately $1,820.00. She also prepared and submitted, although same was not accepted, a bid of considerable amount for the redecoration of a municipal building in the State of Maryland.

These facts notwithstanding, the Industrial Accident Board ruled that the employer had failed to establish that employee's disability had ceased or that sedentary work was available to her in her qualified area.

The issue before the Court is whether there was substantial evidence to support the findings of the Industrial Accident Board with respect to the employee's disability.

 Under the Delaware Workmen's Compensation Law, the voluntary compensation agreement entered into by an employer and employee remains in effect until voluntarily terminated or until, upon application by the employer, terminated by the Industrial Accident Board, 19 Del.C. § 2347; and, if the issue is to determine existence or non-existence of total disability, it is not required that there be a "total disability" in the physical or medical sense. M. A. Hartnett, Inc. v. Coleman, 226 A.2d 910 (Sup.Ct.1967); Ham v. Chrysler Corporation, 231 A.2d 258 (Sup.Ct.1967). The term thus means such a "disability that the employee is unable to perform any services, 'other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist' * * *". M. A. Hartnett, Inc. v. Coleman, *supra*. However, the burden is upon the employer who is making the application to terminate the previously agreed upon award to prove that the employee is no longer entitled to receive that compensation. C. F. Braun & Company v. Mason, 3 Storey 279, 168 A.2d 105 (Sup.Ct.1960); Ham v. Chrysler Corporation, *supra*. Notwithstanding any ability to sustain its burden, if there is substantial evidence to support the Board's findings, their decision is to be upheld. General Motors Corporation v. Freeman, 3 Storey 74, 164 A.2d 686 (Super.Ct.1960).

 It is settled law of this jurisdiction that if the employer is able to establish that employment of one with the capabilities of the employee-claimant is within reach or readily available to her, then the

Board cannot find a total disability. Stanley Warner Corporation v. Slattery, 235 A. 2d 633 (Super.Ct.1967); Ham v. Chrysler Corporation, *supra*. Thus, if a claimant is able to obtain employment commensurate with his training and qualifications, he would not be a totally disabled person. Federal Bake Shops, Inc. v. Maczynski, 4 Storey 484, 180 A.2d 615 (Super.Ct.1962).

Applying these authorities, and the principles stated therein, to the instant case, it follows that there was no substantial evidence to support the finding of the Board; the employer sustained his burden of proof. Almost the entire testimony of the case, and now before this Court on record, confirmed the availability of employment for one of employee's capabilities, employment which she has been and is able to perform. This employment is within the exact same field in which she was engaged prior to her injury and in which she has functioned since her injury. Additionally, there is lacking, almost totally, any evidence to support a "total disability" in the medical sense of the employee. The evidence supports only a 10% partial disability. Evidence of both parties sustains this finding. The effect of such permanent partial disability in this case would be to entitle the employee to a lump-sum award of the amount provided by statute. 19 Del.C. §§ 2326(g), 2326(h).

This Court is not unmindful of the persuasive brief filed in this cause by the employee. However, in view of the facts of this case, this Court is constrained to reverse the decision of the Board. To allow the award of indefinite compensation as urged on this Court by employee would be to allow her a permanent subsidy for her individual proprietorship.

Accordingly, the decision of the Industrial Accident Board is reversed, and the case is returned to the Board for findings not inconsistent with this opinion.

It is so ordered.