**Franscita BROKENBROUGH,
Employee-Appellant,**

v.

**CHRYSLER CORPORATION,
Employer-Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: Jan. 7, 1983.

Decided: May 2, 1983.

Oliver V. Suddard, and Rhonda A. Hauge, Wilmington, for employee-appellant.

Carl Schnee, and Timothy A. Casey, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for employer-appellee.

MARTIN, Judge.

Claimant herein appeals a decision of the Industrial Accident Board ("Board") issued pursuant to the employer's Petition for Review of Compensation Agreement[1] alleging that Claimant's period of total disability had terminated. 19 *Del.C.* § 2347. The Board concluded that the employer had met its burden of demonstrating that the total disability had ceased and further ruled that claimant was not a *prima facie* displaced worker. Claimant now contends that her employer failed to show that a change in her condition subsequently occurred and that the Board erred as a matter of law in holding "that a change need not be proven *per se,* in this case, just that the incapacity had terminated."

---

1. Claimant sustained a compensable occupational injury on July 22, 1977, when she was pinned between two cars while working on Chrysler's assembly line. Her first Report of Injury was filed on May 6, 1981 and an Agreement between claimant and employer approved by the Board on August 27, 1981, providing compensation for temporary total disability in the amount of $144.00 weekly until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Delaware.

In evaluating the merit of an appeal from the Board, this Court must inquire whether or not the decision of the Board is supported by competent evidence. *Asplundh Tree Expert Co. v. Clark,* Del.Super., 369 A.2d 1084 (1975). Where the evidence is sufficient to support the Board's conclusions, its decision will not be disturbed absent an error of law. *Dallachiesa v. General Motors Corporation,* Del.Super., 140 A.2d 137 (1958).

With respect to the Board's finding that claimant is no longer incapacitated, the Court holds that conclusion is indeed supported by competent and substantial evidence. Dr. Jerry Case, the sole medical witness, testified that neurological examinations of claimant performed in July, 1981, and February, 1982, failed to reveal any positive findings except for a subjective complaint of tenderness. Based on her subjective complaints, Dr. Case assessed claimant's condition as mild lumbar sacral sprain with a cervical sprain resolved. Objectively, he diagnosed her condition as normal and placed only minimal restriction on her activities.

Ample evidence also appears on the record below to suggest that claimant's condition had changed and specifically had improved since the initial manifestation of her disability.[2] The testimony of Dr. Case indicates that, as of July, 1981, claimant's disability had ceased and continued to be nonexistent when he reexamined her in February, 1982.

Thus, the evidence in this case reveals that the incapacity had terminated *prior* to the approval of the parties' Compensation Agreement in August, 1981.

Claimant cites this chronology as the gravamen of her appeal, asserting that the unambiguous intent of 19 *Del.C.* § 2347 is that the change must have occurred *subsequent* to the date of the Agreement, *Mancini v. Workmen's Compensation Appeal Bd.,* Pa.Cmwlth., 440 A.2d 1275 (1982), and that any improvement in condition which predates the agreement is irrelevant.

The statute authorizing the Board to modify a previously negotiated award, § 2347, provides in relevant part:

On the application of any party in interest on the ground that the incapacity of the injured employee has subsequently terminated, increased, diminished or recurred ... the Board may at any time, but not oftener than once in 6 months, review any agreement or award.

On such review, the Board may make an award ending, diminishing, increasing or renewing the compensation previously agreed upon or awarded ... and shall state its conclusion of facts and rulings of law ...

The claimant contends that use of the words "subsequently terminated" connotes two states of physical condition, and that there must be evidence comparing each state in order to support a conclusion that the present state reflects a termination. Moreover, claimant asserts, the dates of the two medical conditions in issue must straddle the date that the prior award or agreement was entered. This Court concludes that the language of § 2347 does not mandate such an approach.

In arriving at this judgment, the Court initially observes that there are four bases for modification of a disability award, specifically that the incapacity has (1) in-

---

**2.** Claimant testified that by 1981, she believed herself capable of returning to work with restrictions at Chrysler Corporation or elsewhere. Dr. Case testified that claimant's history indicated that she initially suffered from low back and knee problems following the industrial accident and that the knee problem was corrected and her low back condition improved over time with conservative treatment. Dr. Case also testified that claimant subsequently developed cervical complaints in April, 1979 related by history to the accident but that her cervical strain was resolved when he examined her on July 23, 1981. Moreover, Dr. Case stated that claimant had indicated to him that her physical condition had improved such that she could presently do housework without difficulty.

creased, (2) diminished, (3) terminated or (4) recurred. The first two grounds are articulated in *relative* terms and consequently lend credence to claimant's argument concerning the necessity of comparative evidence.[3] However, the latter two concepts, specifically termination, are absolutes. Therefore, in petitions alleging cessation of disability rather than increase or reduction, the "change in condition" standard is not an appropriate burden. The instant case is illustrative:

Claimant was injured in 1977 but did not file a claim for compensation with the employer until May, 1981. The parties negotiated an award for the disability in August, 1981, with compensation therefor retroactive as well as prospective. Subsequent medical evidence indicates that the incapacity terminated by July, 1981. Inasmuch as the disability has ceased to exist, the only possible change in condition medically possible is a recurrence. Therefore, under claimant's analysis, employer is forever precluded from petitioning the Board for modification based on a change because claimant's condition is absolute. Claimant, furthermore, continues to receive compensation for a disability which has ceased, said award, under claimant's analysis, being totally insulated from review by the Board on the employer's behalf.

■ In light of the inequitable result yielded by the situation heretofore described, the Court concludes that the appropriate burden of proof in cases dealing with cessation of disability is enunciated in *Sears, Roebuck & Company v. Bigelow,* Del.Super., 251 A.2d 573, 575 (1969):

> [T]he burden is upon the employer who is making the application to terminate the previously agreed upon award to prove that the employee *is no longer entitled to receive that compensation.*[4] [Emphasis added.]

■ Applying the above legal standard to the case at bar, the Court agrees with the Board that the employer has satisfied its burden of proof. The medical testimony indicating that claimant's condition had improved since the accident, her incapacity had ceased, i.e., there was no longer a compensable injury, and that she could work with minimal restrictions, was uncontroverted, but for the testimony of claimant herself. The Board did not find claimant's assertions credible and that assessment of candor will not be questioned by this Court.

Furthermore the Board, in approving the agreement in 1981 implicitly found that there was a compensable injury. Medical

---

**3.** In fact, all of the case authority cited by claimant in support of this position dealt with increased or decreased disability rather than recurrence or cessation thereof. See *Belanger v. Weaving Corp. of America,* R.I.Supr., 387 A.2d 692 (1978); *American Mutual Liability Ins. Co. v. Grimes,* Ga.App., 109 S.E.2d 837 (1959); *Gile v. Associated Company,* Kan. Supr., 576 P.2d 663 (1978). This Court's observation in this regard is echoed in *Ryan v. Grinnell Corporation,* R.I.Supr., 362 A.2d 127, 129 (1976):

> A claim of *increase* or decrease of disability is grounded in the comparative condition and ability of the workman and, to prevail, must be supported by proofs which permit comparison. [Emphasis added].

**4.** Resolution of the dilemma in this matter gains implicit support from the decision in *Poor Richard Inn v. Lister,* Del.Supr., 420 A.2d 178 (1980). That case, dealing with a petition for increase in disability, confronted the issue of whether the Board was bound on review by the

numerical assessment of disability (in terms of percentage of impairment) contained in previously negotiated compensation agreements. The Court therein held that 19 *Del.C.* § 2347 did not mandate that an increase in disability benefits should be related to a finding of degree of increase in impairment.

Admittedly, *Poor Richard Inn* involved an *increase* in disability and, therefore, the appropriate standard of review was a subsequent change in condition. Although the instant case is factually distinguishable from *Poor Richard Inn,* this Court's resolution of the instant dilemma, i.e., an employer obligating himself to provide compensation for a disability which has already ceased, is consistent with the tenor of that opinion which sought to avoid an "inflexible approach [which] would ... require that any errors or compromises made in the original award or settlement ... be carried over into any findings made as a result of ... changes in condition." 420 A.2d at 181.

testimony presented to the Board in the termination hearing, refuted any continuing incapacity, thereby supporting the Board's decision that the incapacity had terminated.

In conclusion, the Court affirms the Board's decision to terminate claimant's compensation for total disability pursuant to 19 *Del.C.* § 2347, having considered and rejected all bases of claimant's appeal.[5]

IT IS SO ORDERED.

---

5. Although not raised as a separate argument, claimant suggests that economic disability, in addition to medical incapacity, could have formed a basis for compensation and that evidence that claimant can work within restrictions has not negated her disability in this regard. Specifically, claimant contends that she has no further education or training since her accident. However, the Court finds that the Board's conclusion that claimant is not a *prima facie* displaced worker to be well-documented and substantially supported by the evidence. Again, claimant's credibility on this issue was seriously questioned by the Board.