In the Matter of the Claim of CHARLES GINN, Respondent, against
RAPID SERVICE PRESS and Another, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 4, 1928.

Workmen's compensation — award — claimant was temporarily totally
disabled from October 17 to October 29, 1927 — award made at rate of
twenty-five dollars per week from October twenty-fourth to October
twenty-ninth, under Workmen's Compensation Law, § 15, subd. 6, as
amended by Laws of 1927, chap. 558 — maximum schedule award,
under § 15, subd. 3, would have been twenty dollars per week — proper
construction of subdivision 6, as amended, is that award may be made
for temporary total disability at higher rate — liability to pay schedule
award is suspended during payment of award for temporary total
disability.

The claimant suffered an injury to the toes of his left foot and was temporarily
totally disabled from October 17 to October 29, 1927, and an award of twenty-
five dollars per week was made, under subdivision 6 of section 15 of the Work-
men's Compensation Law, as amended by chapter 558 of the Laws of 1927,
for the period from October twenty-fourth to October twenty-ninth.

Although the maximum schedule award, under subdivision 3 of said section
would be for the injury specified not to exceed twenty dollars per week, an
award for temporary total disability at twenty-five dollars per week was
authorized by the statute as amended.

The effect of the statute is that for a portion of the time during which an award
for temporary total disability is made, the liability to pay a schedule award is
suspended and the liability for temporary total disability is substituted.

COCHRANE, P. J., dissents.

APPEAL by the defendants from an award of the State Industrial
Board, made on the 29th day of October, 1927.

*Arthur Butler Graham* [*John G. Donovan* of counsel], for the
appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-
General,* of counsel], for the respondents.

DAVIS, J. The injuries claimant sustained were traumatic
amputation of the first left toe at the middle of the proximal phalanx,
and a traumatic amputation of the second left toe at the middle
of the second phalanx. No question is raised but that the injuries
arose out of and occurred in the course of employment.

The parties have stipulated that the claimant was temporarily
totally disabled from October 17 to October 29, 1927. An award
for compensation was made from October twenty-fourth to October

twenty-ninth at the rate of twenty-five dollars per week for such temporary total disability.    The controversy is over the rate allowed — the appellants claiming that compensation in excess of twenty dollars per week is not legally authorized.

Prior to October 1, 1927, the Workmen's Compensation Law provided in section 15, subdivision 6, in brief, that the maximum compensation for disability should not exceed twenty dollars per week.    By chapter 558 of the Laws of 1927 the subdivision was amended, effective October first, to read: " Compensation for permanent or temporary partial disability shall not exceed twenty dollars per week nor be less than eight dollars per week; compensation for permanent or temporary total disability shall not exceed twenty-five dollars per week;  *  *  *."

The general purpose of the amendment is reasonably clear.    It was intended to provide increased compensation to a workman who suffered a disability accident, during the period he was totally unfitted to perform any work, although eventually his injuries would result in what is termed a " permanent partial disability," when he would have some earning capacity.

In section 15 of the act there is established a schedule compensation for injuries temporary and permanent, partial and total, with a classification of injuries to different members of the body, including the foot, toes and phalanges.    (Subd. 3.)    Awards for such injuries are commonly termed " schedule awards " and compensation is given for a fixed number of weeks.    In other subdivisions of the section awards are limited to a fixed maximum amount.    It is likely that the injury to this claimant will ultimately fall into the class provided for in subdivision 3, paragraph q, in which the loss of two or more digits or one or more phalanges of two or more digits may be proportioned to the loss of use of the hand or foot occasioned thereby.    Assuming that to be the case, the claimant would be entitled to a schedule award for permanent partial disability beginning at the date of injury and continuing for a fixed number of weeks at two-thirds of his average weekly wage — the compensation not to exceed the maximum of twenty dollars per week.

Counsel for appellants argue that the statute is obscure and inconsistent in its terms; that it would be possible for a man suffering a similar accident resulting in temporary total disability to become entitled to compensation at twenty-five dollars per week during the entire period established by the schedule for injuries resulting in permanent partial disability where the maximum rate is fixed at twenty dollars per week, and the latter rate would never be operative.    Or that the twenty-five-dollar rate would be

in effect for a large portion of such schedule period so that the maximum twenty-dollar rate for permanent partial disability resulting from such an injury would to that extent be abrogated. In other words, the twenty-dollar rate fixed by the statute is rendered null for an indefinite term, and the obligation of the employer greatly increased.

We recognize the force of the argument, and concede there may be cases when precisely the result feared will occur and the twenty-dollar rate may never become operative. Nevertheless, we think the intent of the Legislature is to provide for larger compensation during the hospital period following accidents when the wounds of the claimant are healing and while he is in a state of convalesence preceding the time he may engage to some extent in productive labor. We think the amendment of 1927 must be read in connection with subdivision 4-a of section 15 (as added by Laws of 1924, chap. 500). There it is evident that the Legislature intended to give additional compensation in certain specified cases to those receiving an injury resulting first in protracted temporary total disability followed by permanent partial disability, by extending the period during which compensation must be paid. The new amendment in question without amplifying the period increased the rate of compensation.

It is, of course, impossible to foretell what will eventuate in this or any similar case. If it is one of those comparatively rare cases where the temporary total disability continues beyond the period fixed in the schedule in subdivision 4-a, then the number of weeks of excess must be added to the compensation period provided in subdivision 3. During the period of temporary total disability compensation is allowed at the rate fixed in subdivision 6, as amended, to wit, at a maximum rate of twenty-five dollars per week; thenceforth compensation may be awarded for permanent partial disability at a rate the maximum of which is twenty dollars per week to the end of the excess period above stated. If, however, the temporary total disability does not continue beyond the period fixed by the schedule in subdivision 4-a (in this case we assume a proportioned partial loss of use of foot for thirty-two weeks), then a claimant will be entitled to compensation at not to exceed twenty-five dollars per week during the period of temporary total disability, and not to exceed twenty dollars per week for permanent partial disability during the remainder of the schedule period provided in subdivision 3. This, of course, means that for a portion of the time the liability to pay for the latter disability is suspended, and the liability for the temporary total disability is substituted in its place.

So we read the intent and purpose of the Legislature. If we are in error the law may be clarified by further amendment.

The award should be affirmed, with costs to the State Industrial Board.

VAN KIRK, HINMAN and WHITMYER, JJ., concur; COCHRANE, P. J., dissents.

Award affirmed, with costs to the State Industrial Board.