89 N.J. Super. 16 (1965)
213 A.2d 256
ALFRED W. KROGMAN, PETITIONER-APPELLANT,
v.
KROGMAN FILTER CO., INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 10, 1965.
Decided September 2, 1965.
*20 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Edmund J. Canzona argued the cause for appellant (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
Mr. Edward B. Meredith argued the cause for respondent (Messrs. Meredith & Meredith, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
When this workmen's compensation case was first heard, on January 24, 1963, it was stated for the record by the employer's attorney, without objection by petitioner's counsel, that petitioner's "wages [were] $20.00 a week, entitling him to the compensation rate of $14.00 a week * * *." The accident involved occurred March 29, 1961, and produced industrial blindness of the right eye. *21 There was an oral award of compensation for temporary disability of 8-6/7 weeks and partial permanent disability of 241 1/4 weeks, each computed at the $14 rate, to which no one stated any objection.
Before judgment on the oral declaration of award was entered petitioner filed a motion to amend the findings so that the award might be based on a reconstructed full-time weekly wage rate instead of the $20 he was receiving as of March 29, 1961, the contention being that the $20 was only a part-time compensation rate. Reliance was had on such cases as Engelbretson v. American Stores, 49 N.J. Super. 19 (App. Div. 1957), affirmed o.b. 26 N.J. 106 (1958), and Maver v. Dwelling Managers Co., 34 N.J. 440 (1961), calling for allowance to injured part-time workers of a reconstructed weekly compensation rate on the basis of the normal full-time work-week in the business involved. The Division of Compensation held a hearing on the motion and decided against the petitioner. On appeal, the Monmouth County Court affirmed.
Petitioner founded the business of the employer corporation in 1943, and in March 1961 he was the principal owner of the stock and its president; he was then 66 years of age. The company produced filters for engines and hydraulic filters. Petitioner designed the filters and worked "inside and outside both."
Petitioner testified that some time in 1960 he became disabled with a hernia and therefore changed his basis of compensation by the corporation from $400 per month to $20 per week, being unable to work full time. There was proof that he "worked two, three hours a day whenever he could and about three, four days a week." He had a hernia operation in November 1960 and another in February 1961. The case is devoid of any medical evidence from which any reliable determination could be made as to how long, as of the date of the accidental injury to the eye, it was probable that the hernia condition and the corrective operations would keep pettitioner from being able to do full-time work, or as to whether those *22 conditions would preclude his ever becoming capable of full-time work again at all.
Petitioner gave testimony that the normal work-week in the type of business the company engaged in consisted of five eight-hour days, or a 40-hour week.
It is the employer's position on this appeal that petitioner was, as of the date of the accident, permanently unable to do more than part-time work and was therefore not a proper candidate, under the cited cases, for compensation on the basis of a reconstructed normal full-time work-week. For this it cites the testimony of petitioner's wife that the change in his compensation took place "when he was no longer capable of working his full time"; also his age and the fact that he sold the business in March 1962 and subsequently was working as a consultant at $25 per week. As to the last two facts, however, Mrs. Krogman explained, "He had been injured [meaning the eye injury] and he didn't work any more." And her testimony that in 1960 he was "no longer capable of working his full time" is consistent with the meaning of incapacity merely for the time being because of the hernia condition. The sale of the business in 1962 is, of course, not material, since it occurred after the accident and may well have been motivated by the serious permanent injury resulting therefrom, with or without any other disability. As will be seen, the material factors on the issue of prospective ability to work full time are those in existence as of (i.e., immediately prior to) the time of the compensable accident.
The judge of compensation rejected petitioner's claim for a reconstructed compensation base on two findings: (a) petitioner's employment at the time of the accident was full-time because "the employment involved within the framework of its particular requirements was not of itself full-time to the extent that he engaged in it" (which we take to mean that it was thought that the work done by the particular workman fit the requirements of the employer no matter how few or many hours were served or what pay was received); (b) petitioner *23 was incapable of more work than he was doing when injured.
The affirmance by the County Court was on essentially the same bases. But see infra.
Under R.S. 34:15-37, as amended, the objective is, generally speaking, to compute workmen's compensation for an injury sustained in a part-time employment by translating the part-time earnings rate into a full-time weekly wage. Maver v. Dwelling Managers Co., supra (34 N.J., at p. 442).
"The object of the statute is to compensate for the inroad upon the full-time earning capacity of the victim of industrial mishap upon an adjusted schedule of benefits, and of course a part-time job may be the setting of the destruction of an earning unit capable of full-time work, as in the case before us." (Id., at p. 443.)
And see Engelbretson v. American Stores, supra (49 N.J. Super., at p. 25). Therefore, in the case of a part-time employee of presumptive full-time working capacity, the statute as construed by the cases calls for reconstructing a hypothetical full-time wage by taking the customary number of hours in the ordinary work-day and the customary number of days in the work-week, in that field, and applying to the resulting total weekly work-hours the hourly rate at which the petitioner was actually paid in his part-time capacity. Knight v. Cohen, 32 N.J. 497, 499-500 (1960). If the workman was not actually paid by the hour, an hourly rate is to be determined by dividing the value of the compensation paid by the hours actually worked. Id., at p. 499.
We reject the findings of the trial tribunals in this case that petitioner was not a part-time employee at the time of the accident as not reasonably supportable by sufficient evidence on the whole record. Cf. Close v. Kordulak Bros., 44 N.J. 589, 599 (1965). There was no disproof of the prima facie showing by petitioner that he had worked on a full-time basis for $400 per month until his hernia condition rendered him unable to continue full-time, whereupon his hours and his pay were reduced. It is therefore a fair assumption *24 that as of that time and as of the date of the accident he was truly a part-time worker who would have been working and been paid as a full-time worker had the hernia condition not eventuated. Whether the decreased working hours were, coincidentally, adequate for the business purposes of the particular employer is immaterial if such hours were less than customary for such a worker employed on a full-time basis in that industry. The unrefuted evidence here does indicate that a customary full-time work-week in that kind of business would have involved working five eight-hour days.
As to the findings that petitioner was unable to work longer hours than he was actually devoting to his job, we are not clear whether the intent was to find such inability simply as of the time of the accident, or indefinitely thereafter. If the latter, we doubt whether an issue of that purport was clearly recognized or actually tried before the Division. The statement in the County Court opinion that "[t]here are no facts in the record to indicate that he [petitioner] will ever return to work other than on an abbreviated schedule," moreover, suffers from the appraisal of the situation as of the inappropriate date of the decision of the court, after the accident to the eye, rather than as of prior thereto. Moreover, it is not premised on future ability to return to full-time productive work with some employer  the correct criterion.
None of the prior New Jersey cases has involved a situation where the worker was on a part-time basis by reason of physical disability at the time of the compensable accident and where the question was raised as to whether or to what extent that circumstance should affect the right to a reconstructed full-time compensation pay base.
It is clear from the cases, however, that the right to reconstruct the pay base has been assumed to be dependent on the assumption that the injured workmen would, absent the accident, have been able to earn full-time wages during a hypothetical future work career. As stated in Mahoney v. Nitroform Co., Inc., 20 N.J. 499, 509 (1956), "[t]he underlying policy of the provision for wage calculation is to compensate *25 the employee * * * for the future economic loss incident to the accident." (Emphasis added) See, also, 2 Larson, Workmen's Compensation, § 60.11, at p. 71 (1961): "The entire objective of wage calculation is to arrive at a fair approximation of claimant's probable future earning capacity." This rationale plainly dictates the consequence that if, as of prior to the compensable accident, the part-time workman had no future potentiality as a full-time worker, there would be no just cause for granting him compensation on a reconstructed full-time pay basis. Equally clearly, however, does it seem to follow that mere temporary inability to work full-time as of the date of the compensable accident should not, in and of itself, and without regard to the seriousness of the compensable accident, bar the right to a reconstructed full-time compensation pay base for at least some portion of the award.
To illustrate by an extreme hypothetical case, it would be plainly untenable to restrict the award of compensation to the part-time pay rate where a young man with dependents working part-time because and while recovering from a hernia operation sustained a fatal accident in the course of such part-time employment.
A fair approach for such cases, fully compatible with the declared rationale of the statute and its objectives, would be the following. Determine the prospective future period, as of the date of the compensable accident and independent of the consequences thereof, during which the part-time worker would have been physically incapable of full-time work. Allow compensation on only the part-time pay rate for so many of the disability award-weeks adjudicated as equal the future period of determined incapacity for full-time work; allow compensation on the basis of a reconstructed full-time pay rate for the remainder, if any, of the disability award-weeks so adjudicated. Thus, if, in the instant case, it were adjudicated that as of March 29, 1961 petitioner would (had he not sustained the eye injury) have become capable of full-time work after the passage of ten weeks, his award *26 would be computed on the basis of the part-time pay scale for ten weeks and on a reconstructed full-time pay basis for the remaining 240-3/28 total weeks of compensation (temporary plus permanent) adjudicated for the loss of the sight of the eye.
In the instant case petitioner has argued that a hernia condition and corrective operation are not a serious matter and that recovery is a matter of a relatively short time. He contends he is entitled to the inference that he was a worker of prospective full-time capacity as of prior to the injury to his eye. The trial tribunals found to the contrary, but, as indicated above, in terms which are ambiguous, unsupported or irrelevant in relation to the legal criteria which we have herein for the first time declared applicable in this type of situation. It seems to us that, all things considered, the interests of justice call for a factual hearing on the issues as we have formulated them herein. Medical opinion proof would seem highly desirable on the specific issue presented of the probable period, if at all, within which petitioner would have achieved capacity for full-time work (not necessarily with the particular employer), viewing the matter prospectively as of March 29, 1961 and independently of the injury to the eye. On such a remand, we think the present burden of coming forward with further evidence must rest on the petitioner, having regard to the combined facts of his age and his two operations prior to the compensable accident.
The employer makes the additional contention that the Division of Workmen's Compensation was without any jurisdiction to enter any award at all in favor of the petitioner on the ground that there was no employment relationship between him and the corporation. This, in turn, is premised on the argument that petitioner was not subject to control by anyone in the corporation aside from himself. Reliance is placed on Johnson v. United States Life Ins. Co., 74 N.J. Super. 343 (App. Div. 1962).
In the first place, this position logically would, if entertained, call for voiding in entirety the award made in *27 favor of petitioner on the $20 per week pay rate. However, the employer has not appealed from the award and this court is consequently without any appellate jurisdiction to invalidate it.
Secondly, the employer expressly conceded "the jurisdictional facts" at the initial hearing before the judge in compensation. In neither the Division nor the County Court did it make the point now advanced. The contention, moreover, does not go to the jurisdiction of the Division over the subject matter in the strict sense but merely to the substantive statutory conditions for an award on the merits. This court will not ordinarily entertain a point on appeal in a workmen's compensation case not raised either in the Division or the County Court. Fink v. Paterson, 44 N.J. Super. 129, 139 (App. Div. 1957); Baginsky v. American Smelting & Refining Co., 88 N.J. Super. 69 (App. Div. 1965).
Finally, although we do not purport here to pass upon the merits of the point urged, it may be observed that in the Johnson case, supra, the strict holding of this court was confined to the facts there involved, including not only absence of corporate control over the putative employee but also the fact there was no agreement for compensating him in any manner whatever. 74 N.J. Super., at p. 353.
We remand to the Division of Workmen's Compensation for an additional hearing and for appropriate findings and conclusions in accordance with the foregoing expressions; same to be completed and filed with this court within 90 days from the filing of this opinion. Thereafter the parties will promptly apply to this court for further instructions as to supplemental briefing or argument.