ALFRED W. KROGMAN, PETITIONER-APPELLANT, v. KROG-
MAN FILTER CO., INC., RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted February 7, 1966—Decided March 24, 1966.

Before Judges Conford, Kilkenny and Lewis.

Mr. Edmund J. Canzona for appellant (Messrs. Parsons, Canzona, Blair & Warren, attorneys).

Mr. Edward B. Meredith for respondent (Messrs. Meredith & Meredith, attorneys).

Per Curiam. By our prior opinion in this matter, *Krogman v. Krogman Filter Co., Inc.*, 89 *N. J. Super.* 16 (*App. Div.* 1965), we remanded for further proofs and findings in the Division of Workmen's Compensation. The essential inquiry we so directed was whether as of the date of the compensable accident—March 29, 1961—the petitioner was temporarily incapable of full-time work because of then recent hernia surgery, and, if so, how long that temporary disability would have continued but for the compensable injury to petitioner's eye on the date mentioned.

Petitioner failed to appear at the hearing before the judge in compensation on remand (being then resident in Florida)

despite our indication in the previous opinion that the burden of coming forward with evidence was upon him and despite letter-notification to his counsel by respondent's attorney of a desire that he appear for questioning. It appeared, further, from the testimony on remand of the physician who performed two hernia operations on petitioner that such surgery took place on November 20, *1959* and January 28, *1960*—not, as testified by petitioner at the first hearing, in November *1960* and February *1961*. Petitioner's original factual contention of *temporary* disability for full-time work on March 29, 1961 because of then *recent* hernia surgery was thus completely demolished. This important discrepancy in the proofs has not been explained by petitioner.

The physician testified that petitioner's period of disability after each operation "would be" for about six weeks. He did not, however, testify as to petitioner's physical condition as of the date of the compensable accident in March 1961, nor did petitioner submit any other proof on that issue or as to when, if at all, he would have become capable of full-time work after that date had he not sustained the accident. Those were the critical issues of fact for determination under our previous opinion. As noted, petitioner had the burden of coming forward with evidence thereon, since he was 66 years of age at the time of the accident and both he and his wife had testified that his part-time status was attributable solely to the hernia condition. Since he was still on part-time status more than a year after the hernia operations it is inferable, if their stated testimony was true, that he remained incapable of full-time work as of the time of the accident and would remain so indefinitely thereafter.

Unfortunately, the judge in compensation did not make a finding of fact on the remand as to the issue encompassed by our directions. In order to bring this litigation to a close we will exercise our own fact-finding jurisdiction. Petitioner not having met his burden by coming forward with affirmative proof that by any determinable date after the accident he would have been capable of full-time work, apart from the

accident, we must conclude that this was not a case for reconstructing petitioner's alleged part-time wage rate on a full-time basis pursuant to the principles discussed in our prior opinion.

The original judgment of the Monmouth County Court is affirmed.