John FITZGERALD, Employee-Appellant,

v.

ROY'S FLYING "A", Employer-Appellee.

Superior Court of Delaware,
New Castle.

May 1, 1970.

Howard M. Berg, Wilmington, for employee-appellant.

B. Wilson Redfearn, Stephen P. Casarino, Wilmington, for employer-appellee.

OPINION ON APPELLANT'S APPEAL FROM DECISION OF THE INDUSTRIAL ACCIDENT BOARD

BIFFERATO, Judge.

This case comes to this Court on appeal from a decision of the Industrial Accident Board dismissing claimant's petition for review of an agreement between the claimant and the employer's carrier.

The claimant, John Fitzgerald, was employer full-time by his father installing heating and air-conditioning units. He earned in excess of $75.00 per week. He also worked part-time for the appellee, Roy's Flying "A". Claimant worked two to three days per week and some nights at the rate of $1.50 per hour. On June 10, 1967, he was pinned between two cars and suffered a broken leg. It is not disputed that the injury is compensable; the question is how the rate of compensation is to be computed.

Claimant had worked for the appellee approximately three weeks prior to the accident. During that period he earned the following amounts:

| | |
|---|---|
| May 27, 1967 | $30.00 |
| June 3, 1967 | 18.00 |
| June 10, 1967 | 25.00 |

An agreement was entered into between Home Indemnity Company, the insurance carrier for Roy's Flying "A", and the claimant which provided for compensation at the rate of $24.33 per week based upon an average weekly wage of $24.33. The agreement was approved by the Board on August 9, 1967. On June 10, 1968, claimant petitioned

for a review of the compensation agreement. The Board awarded claimant $24.33 for fifty weeks from January 22, 1968, for a twenty per cent loss of use of his right leg. He was also awarded $24.33 for ten weeks for disfigurement resulting from the injury. The Board denied claimant's request for counsel fees because the appellee's insurer had offered a permanent partial award based upon a twenty per cent loss of use of the right leg prior to the hearing.

It is the claimant's contention that the averaging of the three weeks wages was not the proper method of determining his "weekly wages" pursuant to 19 Del.C. § 2302, and, therefore, not the proper basis for computing the compensation payments he was entitled to under 19 Del.C. § 2326. Claimant further argues that he is entitled to counsel fees because the offer made by the defendant's carrier was conditional upon claimant accepting the average "weekly wage" as computed by the carrier. He argues that because this computation was incorrect, he was not bound to accept it and is therefore entitled to counsel fees.

The question to be decided is how the wages of a full-time employee injured in part-time employment should be computed *so as to determine the claimant's "weekly wage".*

19 Del.C. § 2302(b) is the applicable statute pertaining to the computation of wages and reads as follows:

"(b) If the rate of wages is fixed by the day or hour, his weekly wages shall be taken to be that rate times the number of days or hours in an average work week of his employer at the time of the injury. If the rate of wages is fixed by the output of the employee, then his weekly wages shall be taken to be his average weekly earnings for during so much of the preceding six months as he has worked for the same employer. If, because of exceptional causes, such method of computation does not ascertain fairly the earnings of an employee, then the weekly wage shall be based on the average earnings for six months of an average employee of the same or most similar employment."

The claimant contends that his weekly wage should be computed by taking his hourly rate and multiplying it by the number of hours in his employer's "average work week".

The appellee contends that this method would compensate a part-time employee on the basis of full-time wages and that the legislature never intended this. He argues that the Board properly computed the weekly wage by using the average weekly earnings actually received in part-time employment. I do not agree.

The statute nowhere provides for compensation benefits based on part-time employment. The policy of 19 Del.C. § 2302 is that earnings be translated into a "weekly wage". The first sentence of 19 Del.C. § 2302 provides that, " * * * his weekly wages shall be taken to be that rate (day or hourly) times the number of days or hours in an average *work week of his employer* at the time of the injury." (Emphasis added.) Thus, the statute bases the "weekly wage" not on the number of days or hours actually worked by the employee but on the days and hours in the employer's "average work week". Thus, the "weekly wage" is not the sum paid to an individual during a week when the period of actual work was less than the "average work week" of the employer.

Upon initial examination, this seems to give a windfall to the employee since he is compensated on a full-time basis for part-time employment. Two things, however, must be kept in mind. The first is that the claimant is in fact a full-time employee. He has two jobs and the injury in his part-time job has deprived him of his full-time employment. Secondly, the purpose of the statute is to compensate the employee for his loss of earning capacity. Warner Corporation v. Slattery, Del.Super., 235 A. 2d 633 (1967). In Maver v. Dwelling Managers Company, 34 N.J. 440, 170 A.2d 35

(1961) Chief Justice Weintraub discussed the apparent inequity and concluded that in light of the purpose of workman's compensation, the result of compensating part-time employees on a full-time basis is not unreasonable. He pointed out that the employer pays premiums only upon his actual payroll and as to the carrier that receives premiums on that limited basis, he is compensated by the fact that a part-time employee has less chance of being hurt because he is exposed less hours to the particular employment.[1]

▮ Appellee cites an example of how computing the "weekly wage" in this manner may give rise to absurd results. If a part-time employee in an all-night coffee shop sustains an injury, should he then be compensated on the basis of his hourly wage rate times 168 hours? This of course would be an absurd result and is provided for in the last sentence of 19 Del.C. § 2302(b). That sentence provides that if because of exceptional causes the method of computation in the first sentence does not ascertain fairly the employee's earnings, then the weekly wage shall be based on the average earnings for six months of an average employee of the same or similar employment. In such a case then, the employee would be compensated on the same basis that an average full-time employee would be compensated at, most likely on a forty or forty-eight hour week.

In the instant case, such a result is not a problem. The employer operated the station approximately forty-eight hours per week and I hold that the claimant is entitled to receive benefits computed pursuant to the first sentence of the statute. This would be his hourly rate of $1.50 times the forty-eight hours in the employer's average work week. Having determined that the average weekly wage is $72.00, claimant is entitled to $48.00 per week as compensation benefits. 19 Del.C. § 2326(h).

▮ The second question is whether the claimant is entitled to counsel fees for the proceeding before the Board. The Board refused counsel fees because an award based on twenty per cent loss of use of the right leg had previously been offered. While the percentage of disability was not in dispute, the method of computation of the award had not been settled. That was petitioner's purpose in seeking a review of the agreement.

In conclusion, I hold that the Board erred in dismissing claimant's petition to review the agreement and hold that the claimant is entitled to counsel fees for the proceeding before the Board. Accordingly, the order of the Board is reversed and remanded for redetermination of the award and award of counsel fees.

It is so ordered.

1. "The reason for the statutory plan is clear. The workmen's compensation act substituted a finite schedule of liability for the vagaries of a common law action. The employer is liable without fault, but even if at fault, he may pay much less than a damage award at law. The object of the statute is to compensate for the inroad upon the full-time earning capacity of the victim of industrial mishap upon an adjusted schedule of benefits, and of course a part-time job may be the setting of the destruction of an earning unit capable of full-time work, as in the case before us. At a glance, it may seem harsh to impose the liability of a full-time employer upon a part-time employer and its carrier. This is but superficially so, since the employer pays premiums only upon his actual payroll figure; and as to the carrier which receives premiums on that limited basis the compensating factor is that the chance of injury is reduced by the brevity of the actual period of work. If a man is employed for 5 hours rather than 40, the likelihood of injury is but one-eighth of what it would be in a full week of work." *Id.* at 36.