In the Matter of the Claim of EDWARD J. HILBERT, Respondent, v. PREFERRED PLATING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 25, 1971.

*Louis Busell* and *Herbert Lasky* for appellants.

*Louis J. Lefkowitz, Attorney-General (Jorge Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Edward J. Hilbert,* claimant-respondent in person.

HERLIHY, P. J.   This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 15, 1970, which affirmed an award by a Referee.

The claimant, a minor, was 16 years of age when he suffered an injury in his employment as a result of which he was disabled for the period commencing January 24, 1969 to May 12, 1969.   Subsequently the board found " that as a result of the injuries of January 23, 1969, the claimant has a permanent partial disability, schedule type, with temporary total disability for 15 1/5 weeks from January 24, 1969 to May 12, 1969 payable at $85 and ensuing permanent partial disability from 18-19/40 weeks from May 12, 1969 to September 19, 1969 payable at $70 a week ".

There is no dispute between the parties as to the finding that there was a permanent partial disability commencing as of January 24, 1969.

The issue on this appeal concerns the making of an award to a minor for temporary total disability based upon future wage expectancy.

Chapter 834 of the Laws of 1968 amended subdivision 6 of section 15 of the Workmen's Compensation Law so as to provide that after July 1, 1968 compensation for temporary total disability would not exceed $85 and that compensation for permanent partial disability would not exceed $70 per week. The amount of compensation which a claimant was entitled to receive remained based upon ⅔ of earnings, actual or computed.

Subdivision 5 of section 14 of the Workmen's Compensation Law as applicable to this case provides that where the claimant was a minor when injured and it is established that his wages would ordinarily be expected to increase as he grew older, such potential increase may be considered in computing his average weekly wages.   It was established and not disputed by the appellants that upon reaching his majority this 16-year-old claimant could expect to earn $127.50 per week.   However, there was no showing that the claimant's wages would have been expected to increase during the time of his temporary total disability.

It is well established that as to a permanent partial disability, an infant's award should take into consideration his future wage

expectancy, but that as to a temporary total disability, only such wage expectancy as is established for the period in question may be considered. (See *Matter of Koutsakos* v. *Larson,* 25 A D 2d 590, 591.)

The board in seeking affirmance relies upon *Matter of Ginn* v. *Rapid Serv. Press* (222 App. Div. 406, 407). In that case the board was concerned with an adult with a fixed weekly wage. In interpreting subdivision 6 of section 15 captioned " Maximum and minimum compensation for disability ", the court stated: " It is likely that the injury to this claimant will ultimately fall into the class provided for in subdivision 3, paragraph q, in which the loss of two or more digits or one or more phalanges of two or more digits may be proportioned to the loss of use of the hand or foot occasioned· thereby. Assuming that to be the case, the claimant would be entitled to a schedule award for permanent partial disability beginning at the date of injury and continuing for a fixed number of weeks at two-thirds of his average weekly wage — the compensation not to exceed the maximum of twenty dollars per week."

While that is still law, it does not concern or reach the present issue.

The claimant Hilbert prior to his injury was receiving $40 per week and under the statute would be entitled to receive $70 per week for the period of temporary total disability, the same as he will receive for the period of permanent partial disability. To justify the board's award of $85 per week, it would be necessary to find that future earnings involving minors might be the basis of temporary total awards absent proof that such could be reasonably anticipated during the " temporary " period. (See *Matter of Koutsakos* v. *Larson, supra.*) This would be inequitable as to other claimants and there appears to be no present urgency for modifying well-established precedent.

It should be further noted that we are not here concerned with an issue of a *protracted* temporary total disability. (Cf. *Matter of Polsky* v. *Blackman Plumbing Supply Co.,* 262 App. Div. 783.) Contrary to the contentions of the respondent, the appellants properly raised the issue of whether or not an award could exceed the sum of $70 per week based upon the prospective earnings of the infant.

The decision should be reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board.

REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board.