**STANTON LIGHTING CORPORATION, Employer-Appellant,**

v.

**Jay BERNSTEIN, Employee-Appellee.**

Superior Court of Delaware, New Castle.

Jan. 4, 1973.

Walter P. McEvilly, Jr., Prickett, Ward, Burt & Sanders, Wilmington, for employer-appellant.

Albert L. Simon, Wilmington, for employee-appellee.

QUILLEN, Judge:

A part-time employee, who was a college student carrying a full academic load, suffered a temporary total disability compensable for the periods from November 15, 1971 through November 22, 1971 and from November 27, 1971 through June 23, 1972. The employee remained a college student carrying a full academic load throughout the periods of disability.

The Industrial Accident Board, ruling on the employee's petition for review of compensation agreement and relying on Fitzgerald v. Roy's Flying "A", Del.Super., 266 A.2d 193 (1970), awarded benefits based on the average work week of his employer pursuant to the general standard set forth in the first sentence of 19 Del.C., § 2302(b). The employer has appealed arguing that the "exceptional causes" provision in the final sentence of § 2302(b) should govern and the award should be made on a part-time basis. The statute reads as follows:

"(b) If the rate of wages is fixed by the day or hour, his weekly wages shall be taken to be that rate times the number of days or hours in an average work week of his employer at the time of the injury. If the rate of wages is fixed by the output of the employee, then his weekly wage shall be taken to be his average weekly earnings for during so much of the preceding six months as he has worked for the same employer. If, because of exceptional causes, such method of computation does not ascertain fairly the earnings of an employee, then the weekly wage shall be based on the average earnings for six months of an average employee of the same or most similar employment."

Since, during the periods of disability, the employee was in the labor market on a part-time basis only, the Board erred in computing benefits on the employer's regular work week.

Neither the Fitzgerald case nor Maver v. Dwelling Managers Co., 34 N.J. 440, 170 A.2d 35 (1961), also relied on by the employee, support an award on the general full-time standard in this case. Both cases involved employees who held regular full-time employment in addition to the part-time employment during which injury occurred. Even considering other part-time employment of the employee in this case, he does not fall within the Fitzgerald rationale. Moreover, insofar as New Jersey is concerned, it has not been brought to the Court's attention that the New Jersey statute has a provision similar to the last sentence of 19 Del.C., § 2302(b) and, even in New Jersey, it is not clear that an award would be based on a full-time work week under the facts of this case. See 34 N.J.S.A. § 34:15–37 and Krogman v. Krogman Filter Co., 89 N.J.Super. 16, 213 A.2d 256 (1965), appeal after remand, 91 N.J. Super. 1, 218 A.2d 886 (1966). See also 2 Larsen's, Workmen's Compensation Law, § 60.21, p. 88.200 where the awarding of inflated benefits is criticized if a "residual or catch-all clause" is available.

Due to the "exceptional causes" of the employee being primarily a college student during the entire period of disability and thus not generally available during such period for full-time employment, the nor-

mal method of computation does not ascertain fairly the earnings of the employee. Compare Hilbert v. Preferred Plating Co., 36 A.D.2d 77, 318 N.Y.S.2d 626 (1971) dealing with a limited wage expectancy of a 16 year old during a period of temporary disability.

The relief requested in the petition for review of compensation agreement was to recompute the compensation in accordance with the average work week at the employer's place of business. The Court rules only on that contention. In accordance with the Court's comments above, the petition is without merit. Accordingly, the decision of the Industrial Accident Board is reversed and the Board is instructed to dismiss the petition. It is so ordered.