In the Matter of the Claim of CYNTHIA GUYETTE, Appellant, v MONTGOMERY WARD AND CO., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 22, 1977

## APPEARANCES OF COUNSEL

*Silverman, Silverman & Taub (Frances R. Silverman* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*Fred J. Murray* for Montgomery Ward and Co., respondent.

**OPINION OF THE COURT**

KOREMAN, P. J.

The claimant, a minor, was 17 years of age when she injured her right hand in her employment. An award was made by the Referee for 10% loss of use of the right hand or 24.4 weeks at $80 and 57 weeks of protracted temporary total disability at the rate of $80 per week. The Referee based the award on claimant's anticipated weekly wage expectancy of $150, as provided in subdivision 5 of section 14 of the Workmen's Compensation Law in the case of an injured minor. The board modified the award and found that, based on claimant's actual weekly earnings of $48.76 at the time of the accident, the award for 57 weeks of protracted temporary total disability should have been made at the rate of $32.50. The board concluded that since there was no showing that the claimant's wages would have been expected to increase during the time of her temporary total disability her wage expectancy should not have been considered in establishing the rate for the period of her protracted temporary total disability. In support of this conclusion the board cites our holding in *Matter of Hilbert v Preferred Plating Co.* (36 AD2d 77).

■■ Subdivision 5 of section 14 of the Workmen's Compensation Law provides as follows: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages." In considering the applicability of this statute this court stated in *Matter of Hilbert (supra,* pp 78-79) that: "It is well established that as to a permanent partial disability, an infant's award should take into consideration his future wage expectancy, but that as to a temporary total disability, only such wage expectancy as is established for the period in question may be considered." We also stated that *(id.,* at p 79) "It should be further noted that we are not here concerned with an issue of a *protracted* temporary total disability. (Cf. *Matter of Polsky v Blackman Plumbing Supply Co.,* 262 App. Div. 783.)" In the instant case *we are concerned* "with an issue of *protracted* temporary total disability". That being the case, this court has held that the protracted temporary total disability or the protracted healing period preceding the making of a scheduled award for a permanent partial disability is simply an incident of the scheduled award; that it is neither a classification nor disability in itself; and that the protracted

temporary total disability falls within the permanent partial disability classification and is subject to the terms of subdivision 5 of section 14 of the Workmen's Compensation Law *(Matter of Polsky v Blackman Plumbing Supply Co.,* 262 App Div 783, *supra).* Accordingly, we conclude that the board erred in modifying the award made by the Referee.

The decision should be reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the employer.

GREENBLOTT, KANE, LARKIN and MIKOLL, JJ., concur.

Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the employer.