Appeal from a decision of the Workers’ Compensation Board, filed May 9, 1979. Claimant was 18 years old when he injured his right hand in the course of his employment on November 19, 1977. By a notice of decision filed May 24, 1978, an Administrative Law Judge found that accident, notice and causal relation had been established and determined claimant’s average weekly wage to be $108.75. However, no moneys were paid to claimant at that time because he was totally disabled less than seven days (Workers’ Compensation Law, § 12) and the case was continued for a final adjustment examination. Thereafter, in a notice of decision filed December 14, 1978, claimant was found by another Administrative Law Judge to have a permanent partial disability for which a schedule award of 7Vi% for the loss of use of his right hand was directed. In making the award, the Judge considered claimaint’s wage expectancy (Workers’ Compensation Law, § 14, subd 5) and fixed his average weekly wage at $160. The employer and its carrier appeal from the board’s affirmance of that decision. Prior to August 7, 1978, wage expectancy could be considered in arriving at an average weekly wage figure only when the claimant was under the age of 18 when injured (Workers’ Compensation Law, § 14, subd 5; § 2, subd 14). However, the Legislature on that date passed an amendment permitting consideration of wage expectancy whenever the claimant was less than 25 years old when injured (L 1978, ch 730, § 1). It is well established that the concept of future wage expectancy, when applicable, is only relevant to awards for permanent partial disability and not those for temporary total disability (Matter of Hilbert v Preferred Plating Co., 36 AD2d 77). The Administrative Law Judge who initially handled the claim continued the case after determining that claimant was not totally disabled for the requisite period needed to qualify for benefits. Then, before an award could be made for any permanent partial disability, the statute was amended allowing wage expectancy consideration for claimants under 25 years of age. The amendment was to "take effect immediately [Aug. 7, 1978] and shall be applicable to any awards made on or after such effective date” (L 1978, ch 730, §2). The second Administrative Law Judge acted pursuant to this *917 change when, in his decision of December 14, 1978, he recomputed claimant’s average weekly wage at $160 based on his wage expectancy. We, therefore, do not feel that it was error for the second Administrative Law Judge to consider claimant’s future wage expectancy, and the board’s decision upholding that determination must be affirmed. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.