ERVIN, Judge.
This workers’ compensation appeal involves the issue of whether the deputy commissioner (dc) erred in directing the insurance carrier (carrier) to adjust the minor-employee’s average weekly wage (AWW) in the sum of $384.84, pursuant to the method provided in Section 440.14(l)(e), Florida Statutes (1979),[1] as to the minor’s claim for temporary total disability (TTD). We agree that the dc erred in so adjusting the claimant’s AWW, and reverse.
On May 12, 1980, at the age of fourteen, claimant injured his right hand while operating an electric table saw. From the date of the accident, through March 1982, he underwent nineteen operations, resulting in the amputation of his right forefinger and part of his right thumb. The claimant’s physician opined that the claimant had reached maximum medical improvement (MMI) as of May 19,1982, with a thirty-five percent permanent partial impairment (PPI) to the body as a whole. Claimant obtained a variety of jobs from 1983 through 1986. In 1984, he was employed as a salesman selling electronic beepers, for which he received both salary and commission, or a minimum monthly income of $1,500.
Although the carrier had provided claimant TTD benefits from the date of the accident until the date of MMI, or May 19, 1982, based on the statutory method provided in section 440.14(l)(a) for determining claimant’s AWW, claimant sought additional compensation benefits during that period pursuant to the procedure authorized by section 440.14(l)(e). The dc agreed with claimant that subsection (l)(e) was the correct means for determining the claimant’s AWW, and arrived at the figure of $384.84 as the appropriate AWW, based upon the claimant’s actual earnings received by him from selling beepers, beginning in 1984, and concluded that such earnings reflected probable increases in the minor’s income during the period of his claimed TTD.
*396 The carrier appealed,[2] contending that the dc erred in relying on an AWW that the claimant had obtained nearly two years and three jobs following the cessation of time for which the claimant requested TTD benefits. It is the carrier's position that section 440.14(l)(e) allows for an adjustment to a minor’s AWW, only as to situations where — during the period of disability at issue — there is evidence that the minor’s income would probably be increased. Accordingly, it concludes, where evidence is presented disclosing an increase in a minor’s wages following the specific period of disability claimed, an adjustment to the AWW pursuant to section 440.14(l)(e) is unwarranted. We agree.
If a minor claims temporary benefits and seeks also to have his AWW adjusted pursuant to the method provided in subsection (l)(e) of 440.14, any such adjustment cannot be based upon actual earnings received after the minor is no longer temporarily disabled. We think this conclusion is evident from a reading of that provision in the subsection referring to “period of disability.” Initially we would observe that although claimant has suffered a PPI that will remain with him all of his natural life, the term permanent impairment is not synonymous with disability. Permanent impairment is defined as “any anatomic or functional abnormality or loss, existing after the date of maximum medical improvement, which results from the injury.” § 440.02(21), Fla.Stat. Disability, on the other hand, is defined as “incapacity because of the injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury.” § 440.02(9), Fla.Stat. As we explained in Escambia County Council on Aging v. Goldsmith, 500 So.2d 626, 631-632 (Fla. 1st DCA 1986), the two terms are essentially different in meaning and application:
For many years permanent disability, under the act, has consistently meant the extent to which a permanent physical impairment of body functions, whether partial or total, due to injuries suffered in an industrial accident, has rendered a claimant unable to earn wages at the level earned before the accident. The extent of disability has consistently been held a question of fact for decision by the deputy based on consideration of many interrelating factors, including, but not limited to, the extent of such physical impairment.
We concluded in Goldsmith that permanent impairment “is not the conceptual equivalent of a claimant’s ‘disability’ to earn wages or income at the level he or she was earning at the time of the industrial accident.” Id. at 633.
Applying the above definition of disability to the facts at bar, we are of the view that because the claimant has demonstrated after the period of disability had ceased, he had actually earned wages at a level greater than those he had earned at the time he suffered the compensable injury, he was no longer disabled, because there was then no incapacity to earn in other employment the same amount of wages earned at the time of the injury. Therefore, the later income cannot be considered competent, substantial evidence of the probable increase to his income “during the period of disability.” In order for the statutory adjustment permitted by section 440.-14(l)(e) to apply, there must be evidence in the record displaying the probability that the minor’s wages would increase during the period of the disability at issue. There was none at bar.
Although we have found no Florida cases directly on point construing Section 440.-14(l)(e), the statute is very similar to the corresponding statute found in the New York Workmen’s Compensation Act. See Peterman v. Floriland Farms, Inc., 131 So.2d 479 (Fla.1961). Subdivision five of Section 14 of the New York Workmen’s *397 Compensation Law provides: “If it be established that the injured employee was a minor when injured, and that under normal conditions his wages would be expected to increase, that fact may be considered in arriving at his average weekly wages.” In its construction of the above statute, the Appellate Division of the New York Supreme Court held that a minor claimant was not entitled to have his AWW adjusted based upon the anticipation that his AWW would increase during a period of time following the cessation of his temporary disability. See Koutsakos v. Larson, 25 A.D.2d 590, 266 N.Y.S.2d 1014 (N.Y.App.Div.1966). The case law from the state of New York makes a distinction between cases in which claims are made for temporary disability, where the evidence is lacking that there would he any probable increase in the minor’s wages under normal circumstances during periods of temporary disability, on the one hand, while allowing adjustments in the AWW for permanent partial disabilities, which, under New York law, presupposes a loss of earning ability that will continue through life. See also Hilbert v. Preferred Plating Co., 36 A.D.2d 77, 318 N.Y.S.2d 626 (N.Y.App.Div.1971); 2 A. Larson, The Law of Workmen’s Compensation § 60.12(c) (1987).
If there had been evidence in the instant case, for example, such as in American Plastics and Packaging, Inc. v. McCann, IRC Order 2-3390, cert. denied, 368 So.2d 1361 (Fla.1979), where it was shown that the minor had received, before the compen-sable injury, an offer of other employment at a higher AWW than claimant was receiving at the time of his compensable injury, and that but for the accident the claimant would have obtained the employment during the period of his disability, such evidence would be sufficient to establish that under normal conditions his wages should be expected to increase during the period of disability. In that there was no evidence at bar that claimant’s anticipated wages would be expected to increase during the period of his TTD, it was error for the deputy to adjust the AWW based upon wages actually earned by claimant following that period of disability.
REVERSED.
SMITH, C.J., and MILLS, J., concur.

. Section 440.14(l)(e) provides: "If it be established that the injured employee was a minor when injured, and that under normal conditions his wages should be expected to increase during the period of disability the fact may be considered in arriving at his average weekly wages.”

. The dc in his order found that this case involved multiple violations of the Child Labor Law and that under Section 440.54, Florida Statutes, the employer was individually liable for the payment of compensation, equal to the amount paid by the carrier. Both the employer and carrier appealed the dc’s order. The employer, however, filed a motion to relinquish jurisdiction, agreeing to a lump sum settlement with the claimant.