## 39263. PITTMAN v. TRAVELERS INSURANCE COMPANY et al.

FRANKUM, Judge. "In workmen's compensation cases, it is a requirement of law that the award of the director, deputy director, or board be accompanied by a statement of the findings of fact from the evidence in the case." *Hodges v. Fidelity &c. Co.*, 105 Ga. App. 273 (124 SE2d 435). See also *Southeastern Exp. Co. v. Edmondson*, 30 Ga. App. 697 (119 SE 39); *Bituminous Cas. Corp. v. Chambers*, 84 Ga. App. 295 (66 SE2d 196); *Code* § 114-707.

The Director of the State Board of Workman's Compensation, in the instant case, found that the claimant was injured on April 24, 1959; that the claimant and his employer signed an agreement, under the terms of which the employer was to pay compensation until termination of the agreement in accordance with the workmen's compensation laws of Georgia; that thereafter, a final settlement receipt was filed with the board indicating that the claimant had returned to work on October 12, 1959; and that in May, 1960, the employer terminated the claimant's employment. The claimant contends that his employment was terminated because of his previous injury whereby he was unable to perform his work duties. The employer contends that the claimant was discharged because he frequently failed to report for work and because he refused to give a reason therefor.

The record in the instant case does not show the approved agreement between the parties to pay compensation or the "settlement receipt." The director stated in his findings of fact that: "From the record in the case I find that an Agreement to Pay Compensation was signed by the parties and approved by the board on May 26, 1959, agreeing to pay compensation to the claimant at the rate of $30.00 per week from May 1, 1959, until terminated in accordance with the provisions of the Workmen's Compensation Laws of Georgia." The director also found: "From the record I find . . . that a Final Settlement Receipt was filed with the board . . . indicating that he [claimant] had returned to work on the 12th day of October 1959, at a wage of $101.00 per week, the same wage he was earning prior to his injury." Taking the hearing director's recital of fact at face value, the initial

award based upon an agreement between the parties must have been one for total disability because compensation was set at the maximum amount authorized by the Workmen's Compensation Act. The director made reference to a "Final Settlement Receipt," but since it is not in the record, the question remains unanswered as to the contents of such settlement receipt and whether it was approved by the board. And if so, did it amount to an award declaring that the claimant had fully recovered physically? If not, the prior award for disability continues (less credit for wages paid) until such time as the initial, approved agreement is superseded by a new award, or until the initial award is fully satisfied. See *Sears, Roebuck & Co. v. Wilson*, 215 Ga. 746 (113 SE2d 611). The fact that the director found that the claimant's "condition has improved 'some'" does not save the case because the director did not find that the claimant had fully recovered or the extent of his improvement. This finding indicates that the claimant was still disabled in some degree.

The mere fact that an employee returns to work and compenpensation ceases is no determination that the employee is no longer eligible to receive any further workmen's compensation for his injury in the event his employment ceases. See Judge Felton's special concurrence in *Royal Indem. Co. v. Warren*, 102 Ga. App. 501 (116 SE2d 757). See also *Fidelity &c. Co. v. King*, 104 Ga. App. 261 (121 SE2d 284).

The evidence was in sharp conflict as to the reason for the termination of the claimant's employment, and the director made no determination of this fact issue, nor did the full board when the claimant appealed from the single director's award. The board adopted the findings of fact of the single director as its findings of fact and made the award of the director its award.

Pertinent issues were not determined, and we are of the opinion that the evidence does not support the award. The judgment of the superior court affirming the award of the board is reversed with direction that the case be recommitted to the board for proper findings of fact upon the complete record, and that an award be made in conformity with the rules announced herein.

*Judgment reversed with direction. Nichols, P. J., and Jordan, J., concur.*

DECIDED JUNE 18, 1962.

*Clyde W. Henley, Leon S. Epstein,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Edgar Neely, Jr., James H. Moore,* contra.