## 41323.   BEACHAMP v. AETNA CASUALTY & SURETY COMPANY et al.

HALL, Judge.   The claimant in this case assigns error on the judgment of the superior court affirming an award of the State Board of Workmen's Compensation denying his claim for disability benefits.   *Held:*

The evidence before the board showed that the claimant was injured while performing his regular duties on July 10, 1962. He received medical attention the same day, returned to work the next day, and continued to work until August 1, 1962, when he was discharged by the employer.   The claimant testified that he hurt his back when he and four or five other people were lifting a cell weighing 400 pounds or more; that when he returned to his job his supervisor told him he could do work not requiring strain; and that after his discharge he had tried but was unable to do work requiring lifting.   The physician who treated the claimant following the injury testified that the claimant had a minor muscle strain of the back which he believed would disable him only temporarily.   When he saw the claimant the first time and several times thereafter he advised him to do no heavy lifting.   On September 24, 1962, he considered the claimant able to do light work but no heavy lifting; on October 6, 1962, when the physician last saw him the claimant was still unable to do heavy lifting.   There is no evidence to show that the disability was related to anything other than the industrial accident of July 10, 1962.   Testimony offered by the employer showed that the claimant was hired for a trial or probationary period of 60 days; that his work was not up to standard and was just as bad before as after his injury; that the records of the company showed that during the complete period of his employment the quality of his workmanship was poor and he was discharged for this reason; and that the injury had no bearing on his being laid off.

The board's findings of facts included a finding that the claimant returned to work the day following the injury "and continued in this employment, earning the same wage as he was earning prior to said injury, until August 1, 1962, at which time he was terminated by employer for cause." The evidence was sufficient to support a finding that the cause of claimant's discharge was poor workmanship which was un-

related to his injury. Discharge for such cause after an employee has become disabled and returned to work does not in our opinion justify denial of compensation. Cf. *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611); *Allstate Ins. Co. v. Starnes,* 95 Ga. App. 274 (97 SE2d 624) (claimant quit after injury and then made claim); *Royal Indem. Co. v. Warren,* 102 Ga. App. 501, 504 (116 SE2d 757); *St. Paul Fire &c. Ins. Co. v. White,* 103 Ga. App. 607, 611 (120 SE2d 144); *Pittman v. Travelers Ins. Co.,* 106 Ga. App. 169, 170 (126 SE2d 463); *General Motors Corp. v. Harrison,* 107 Ga. App. 667, 670 (131 SE2d 234); 2 Larson, Workmen's Compensation Law, 32 et seq., §§ 57.62-57.64. If the employment was covered by the Workmen's Compensation Act, the question remains whether the employee's injury sustained during the course of the employment caused him to be disabled to any extent, in other words, whether it caused a loss of earning capacity. *General Motors Corp. v. Harrison,* supra, p. 670.

The findings of the hearing director, which the board adopted as its own, state, "I therefore find that claimant has not carried the burden of showing with any sufficient competent evidence that he suffered any compensable time loss as a result of said accident and injury, and, accordingly, his claim for compensation benefits due to his injury of July 10, 1962, must be denied." At least one of the findings of fact upon which this conclusion was based was "that the doctor treating claimant considered him recovered from the effects of his injury as of October 6, 1962." This finding of fact is not supported by the testimony of the physician, outlined above. The award shows that this unauthorized finding influenced the award denying compensation, and the evidence did not demand a denial of compensation.

The award also indicates that the board may have been influenced by an erroneous legal theory, that when an employee following a disabling injury returns to work and then is discharged for a cause unrelated to the injury he is not entitled to compensation as a matter of law. Therefore the judgment must be reversed with direction that the case be remanded to the board for further action consistent with this opinion. *Pike v. Maryland Cas. Co.,* 107 Ga. App. 49, 52 (129 SE2d 78); *Carter v. Georgia Power Co.,* 107 Ga. App. 380, 381 (130 SE2d 156); *Fidelity & Cas. Co. v. Ledford,* 108 Ga.

App. 326 (132 SE2d 858); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245 (141 SE2d 223).

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

ARGUED JUNE 9, 1965—DECIDED SEPTEMBER 17, 1965— REHEARING DENIED OCTOBER 5, 1965.

*Albert P. Feldman, Jordan H. Prosser,* for plaintiff in error. *Smith, Ringel, Martin & Lowe, Williston C. White,* contra.