42377. AETNA CASUALTY & SURETY COMPANY et al. v.
BEAUCHAMP.

JORDAN, Judge. In the previous appearance of this workmen's compensation case before this court the judgment affirming an award denying compensation was reversed with direction to remand the case to the Board of Workmen's Compensation for further action. *Beachamp v. Aetna Cas. &c. Co.*, 112 Ga. App. 417 (145 SE2d 605). On March 10, 1966, the board found that the claimant had an average weekly wage of $66.80 until August 1, 1962, was partially disabled from an injury sustained at work on July 10, 1962, and that claimant in his condition had been unable to obtain work after being discharged on August 1, 1962, for reasons not related to his injury. The board awarded compensation commencing on August 7, 1962, for 60% loss of earnings, but not to exceed $20 per week or $6,000, for a period not to exceed 350 weeks, subject to change of condition or further order, plus medical expenses within the statutory limit, and subsequently awarded attorney fees of 33⅓% of the compensation. On appeal, Polk Superior Court on July 21, 1966, affirmed the awards and awarded additional attorney fees of $1,000. The employer and insurer appeal from this judgment and an order of the court on August 18, 1966, overruling motions of the defendants to set aside the judgment and previous judgments. *Held:*

1. This court and the Superior Court of Polk County have jurisdiction to hear and determine appeals in workmen's compensation cases under the law in effect before the unconstitutional amendment of 1963. The issues as to jurisdiction raised by the employer and insurer are controlled by the opinion of this court in *Fidelity & Cas. Co. of N. Y. v. Whitehead,* 114 Ga. App. 630.

2. The superior court on appeal by the employer and insurer did not err in affirming the award of the Board of Workmen's Compensation to the claimant for "60% . . . loss of earnings" commencing on August 7, 1962, and specifying the maximum statutory amount applicable in 1962, based on findings of fact of average weekly wages of $66.80 before the injury and until August 1, 1962, and an inability in his impaired condition to obtain any work following discharge by the employer on August 1, 1962, for reasons unrelated to

the injury. These findings supply the essential facts for the formula set forth in *Code Ann.* § 114-405, i.e., "the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter," thus clearly distinguishing the case on its facts from the facts stated in the opinion in *Colbert v. Fireman's Fund Ins. Co.*, 112 Ga. App. 187 (144 SE2d 470), cited and relied upon by the employer and insurer.

3. The error in the findings of fact by the Board of Workmen's Compensation, in stating the date of the last visit to the doctor as September 24, 1962, despite the uncontradicted testimony of the doctor of another visit on October 6, 1962, at which time claimant told the doctor he felt much better, and the doctor advised the same course of treatment as previously, light duty without heavy lifting, was harmless.

4. Under the circumstances disclosed by this case on appeal to the superior court the award of attorney fees of $1,000 by that court was unauthorized. Accordingly, the judgment of that court is affirmed, with direction to set aside so much of the judgment as provides for attorney fees.

*Judgment affirmed with direction. Bell, P. J., and Eberhardt, J., concur.*

Argued October 5, 1966—Decided December 2, 1966—
Rehearing denied December 19, 1966.

*Smith, Ringel, Martin & Lowe, Williston C. White,* for appellants.

*Albert P. Feldman, Grubbs, Prosser & Burke, Milton Grubbs,* for appellee.