## 51640. FLEMING v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

EVANS, Judge.

This is a workmen's compensation case. The deputy director found the claimant had sustained an injury; and had returned to work and continued to work until such time as he was laid off; and that he would have continued to work in the same employment had it "not been for the lay-off." He then stated what others testified to and found "the claimant has not shown that he is disabled as a result of the injury" he originally sustained. He denied compensation. This finding was affirmed by the full board and in turn the board was affirmed on appeal to the superior court. Claimant appeals. *Held:*

1. Not all of the so-called findings of fact by the deputy director were his findings, but some of them consisted of his statement of what others found; nevertheless, he did make findings of fact that the claimant suffered an injury, returned to work, and if he had not been laid off he would still be working; and that he is "not disabled as a result of the injury."

2. But the evidence shows that the claimant did not return to do heavy manual labor, and, in fact, he could not perform the heavy manual labor he had been performing (concrete finishing which involved stooping and bending). He returned to work to perform *supervision,* that is, light work in accordance with instruction of the medical doctor, and which was found by the deputy director. The award thus indicates that the board was influenced by an erroneous legal theory that when an employee, following a disabling injury, returns to work and then is discharged

for a cause unrelated to the injury, he is not entitled to compensation as a matter of law. Such theory is erroneous as held in *Beachamp v. Aetna Cas. &c. Co.,* 112 Ga. App. 417, 418 (145 SE2d 605). See also *Jenkins Enterprises, Inc. v. Williams,* 122 Ga. App. 840, 841 (178 SE2d 926). In that case, the claimant was entitled to benefit because of "an economic change in condition" when the employer could no longer provide him with work which he was physically capable of doing. The facts of that case are similar to the case sub judice.

3. Therefore, the judgment is reversed with direction that the case be remanded to the board for further action consistent with this opinion. The claimant had not fully recovered from the effects of the injury (as found by the deputy director) when he was laid off from work. See *Pike v. Maryland Cas. Co.,* 107 Ga. App. 49, 52 (129 SE2d 78); *Carter v. Ga. Power Co.,* 107 Ga. App. 380, 381 (130 SE2d 156); *Fidelity &c. Co. v. Ledford,* 108 Ga. App. 326 (132 SE2d 858); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245 (141 SE2d 223).

*Judgment reversed and remanded with direction. Pannell, P. J., and Marshall, J., concur.*

ARGUED JANUARY 6, 1976 — DECIDED FEBRUARY 4, 1976.

*George & George, William V. George, Lavinia George,* for appellant.

*Hopkins, Gresham & Whitley, H. Lowell Hopkins,* for appellees.