### 53805. ROPER CORPORATION v. YOUNGBLOOD.

DEEN, Presiding Judge.

1. The evidence in this workmen's compensation case is sufficient to support the award, affirmed by the full board and the superior court, that the claimant injured his back while twisting and moving doors and cartons, his regular job; that he complained of the pain but attempted to continue work for some eight or nine days; that he had three sharp incidents of pain during that time and finally gave up the job; that he applied at another business but described his symptoms during a required physical and was not hired for this reason, and that he is at present totally disabled. The medical examination and x-rays further showed that the claimant suffered a congenital abnormality of the lumbar spine (spondylolisthesis) which frequently becomes symptomatic on lifting and bending; that this claimant had been doing this sort of work during his eight months of employment with the appellant, and that he had not had previous back difficulties. The appellant contends that the claimant's testimony is self contradictory in that he said, "I got kind of fed up with the way they were doing me, you know, so I

went to look for another job," but this statement, in context, refers to the failure of his employer to give him lighter work or allow him to return to the doctor during the week after the original wrenching of his back. This view of the evidence is also supported by the fact that the prospective new employers, who had told him they would hire him, refused to do so after the examination and back x-rays.

2. It is not cause for reversal that the administrative law judge, during the hearing, stated that there had been a problem there (meaning the employer's work force) in other cases with the employer not offering light work to employees who had been hurt. A witness for the employer replied: "We try to work with them in any situation we can but we feel from the doctor's opinion that we should put them on light work, that's what we do. I know we've had several cases where the individual said that they were not put on light work where they really were put on light work. We don't do it at the employee's request. We do it with the doctor's medical advice." No objection was made to this colloquy. In any event, the full board considered the record de novo, and will be presumed to have disregarded any irrelevant evidence. *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113, 118 (192 SE2d 533).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED APRIL 7, 1977 — DECIDED APRIL 18, 1977 — REHEARING DENIED MAY 4, 1977 —

*Noone, Stringer, Powers & Schulman, Fred Hanzelik, Jay B. Stringer,* for appellant.

*Fletcher, Watson & Dana, Dennis D. Watson, Joseph F. Dana,* for appellee.