54424. GEORGIA BUILDING AUTHORITY et al. v. STROUP.

QUILLIAN, Presiding Judge.

In this workmen's compensation appeal, upon consideration of the record we hold that the findings of the administrative law judge, with regard to whether

claimant's heart problem was a compensable injury, are not without any evidence to sustain them. In a situation of this sort, "The fact-finding body must . . . remain the final arbiter of the compensability of the attack, and of whether the disability arose out of the employment as well as in the course of it." *Cox v. Employers Mut. Liab. Ins., Co.,* 122 Ga. App. 659, 660 (178 SE2d 287). See *City Council of Augusta v. Williams,* 137 Ga. App. 177, 178 (223 SE2d 227); *Thomas v. United States Cas. Co.,* 218 Ga. 493 (128 SE2d 749).

As stated in *Brown Transport Corp. v. Blanchard,* 126 Ga. App. 333, 334 (190 SE2d 625), in a heart attack case the trier of fact must determine "whether the evidence points to the performance of the work as a contributing proximate cause. . . And where he concludes either way, if there is any evidence to support the finding, it cannot be set aside on appeal." Moreover, on appeal the evidence will be construed in a light most favorable to the party prevailing before the workmen's compensation board. *Walker v. Continental Ins. Co.,* 142 Ga. App. 115, 119 (235 SE2d 389); *Maryland Cas. Co. v. Jenkins,* 143 Ga. App. 192, 193 (237 SE2d 664).

Hence, the judgment of the lower court affirming the award of compensation must be affirmed.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED SEPTEMBER 15, 1977 — DECIDED JANUARY 12, 1978.

*Arthur K. Bolton, Attorney General, G. Thomas Davis, Special Assistant Attorney General,* for appellants.

*Swift, Currie, McGhee & Hiers, Charles L. Drew,* for appellee.