## 56091. LIBERTY MUTUAL INSURANCE COMPANY et al. v. NOBLES.

QUILLIAN, Presiding Judge.

The claimant filed a claim for workmen's compensation benefits contending that she had injured her back on the job. A hearing was held and an award issued denying compensation stating that the claimant's disability, if any, was not the result of an accident or injury arising out of and in the course of her employment. The record shows that the claimant received treatment from two doctors, Dr. Terry and Dr. Lyle. However, the award referred only to Dr. Terry's testimony. The award is completely silent as to Dr. Lyle's medical report which was admitted in evidence.

Upon appeal to the superior court the judge remanded to the State Board of Workmen's Compensation. In his order he stated: "It further appears to the Court that, the Board apparently failed to weigh and consider the report of Dr. Lyle and Mrs. Nobles' testimony concerning treatment of her back by Dr. Lyle commencing shortly after May 20, 1976. In view of the nature of this case, this was evidence that should have been considered by the Board."

The failure of the award to acknowledge the existence of Dr. Lyle's medical report in the findings of fact, his testimony expressing a different opinion from that of Dr. Terry, raises a doubt in our minds whether this

material evidence was considered. While the board was not bound to accept the opinions of Dr. Lyle they were bound to consider his testimony. In *American Mut. Liab. Ins. Co. v. Williams,* 133 Ga. App. 257 (211 SE2d 193) where this court was uncertain whether certain evidence had been considered the case was remanded to the board for further consideration. That being the case here the lower court did not err in remanding this case to the board.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 5, 1978.

*Tillman, Brice, McTier, Coleman & Talley, George T. Talley,* for appellants.

*Berrien L. Sutton,* for appellee.