## 56330. CONTINENTAL INSURANCE COMPANY et al. v. LAMAR.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court affirming an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978) which granted the claimant compensation. *Held:*

1. There was some evidence to support the finding of the board that the claimant was disabled as a result of the injury she received on the job and therefore this court will not disturb the finding of the board.

2. The main argument of the appellant is that the full board made an error when it made a finding of fact that the claimant did not quit her job subsequent to the accident. The appellant argues that the evidence shows that the claimant did in fact quit her job. A close study of the entire record in this case shows that the evidence is confusing and in some points conflicting on the fact of whether the claimant quit her job subsequent to the injury or whether the testimony in regard to this matter was referring to a time prior to the accident when the claimant quit and was subsequently reemployed. However, whether the claimant did or did not quit her job would not be a controlling factor as to whether she was entitled to compensation.

In *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (224 SE2d 127) it was held: "The award thus indicates

that the board was influenced by an erroneous legal theory that when an employee, following a disabling injury, returns to work and then is discharged for a cause unrelated to the injury, he is not entitled to compensation as a matter of law. Such theory is erroneous as held in *Beachamp v. Aetna Cas. &c. Co.*, 112 Ga. App. 417, 418 (145 SE2d 695). See also *Jenkins Enterprises, Inc. v. Williams*, 122 Ga. App. 840, 841 (178 SE2d 926)." Neither would the fact that a claimant quits his job after receiving an injury which disabled him prevent the claimant from being entitled to compensation benefits. *Roper Corp. v. Youngblood*, 142 Ga. App. 193 (235 SE2d 593). Therefore, whether the finding of fact in regard to this issue was incorrect or not, a reversal of this case would not be required because such fact was not and should not have been a controlling factor in determining whether the claimant was entitled to compensation.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED SEPTEMBER 21, 1978 — REHEARING DENIED OCTOBER 12, 1978 —

*Swift, Currie, McGhee & Hiers, George L. Pope, Jr., Lyman M. Delk, Jr.,* for appellants.
*Michael R. Jones,* for appellee.