514

## 56444. CENTRAL STATE HOSPITAL et al. v. EVANS.

McMurray, Judge.

On August 17, 1975, Bennie T. Evans was employed as a security guard at Central State Hospital, Milledgeville, Georgia. He sustained an injury arising out of and in the course of his employment when he was shot in the right chest by an inmate, fell against a brick wall and onto the concrete floor. There was testimony that the inmates then dragged him across the floor and locked him in a shower room. A Form 16 agreement was approved by the board. However, he elected to receive salary in lieu of weekly benefits. He returned to work on December 1, 1975, receiving treatment by a physician until September, 1976.

In the fall of 1976 he began having back pains and was treated by another doctor. On December 14, 1976, he reported for work and thereafter was charged with being in "a state of unalertness giving the appearance of being asleep." He was thereafter suspended from duty without pay after an evidentiary hearing. It was determined he was suffering from a ruptured disc, and a laminectomy was then performed on February 1, 1977. At his request he was then placed on leave without pay for medical reasons beginning March 3, 1977, for a period of six months.

A motion for change in condition hearing was then held on August 9, 1977, and on September 21, 1977, the administrative law judge determined that when he went to work in "October of 1975" he underwent a change in condition from total disability to work to no disability to work. His condition then worsened, and he was unable to work because of the change, and his inability to work was caused by his work-related injury, and caused total loss of income due to a drug he took for his work-related injury which resulted in his suspension. He therefore underwent a change in condition from no disability to work to total disability to work on December 15, 1976. Since December 15, 1976, he has not been able to physically perform his regular duties as a security guard and has not been offered light work. Central State Hospital (State of

Georgia) appealed to the full board which affirmed the award of the administrative law judge. It then appealed to the superior court which affirmed the board. The employer appeals. *Held:*

At the time the claimant was suspended, according to the evidence, he was taking a drug "percodan," had previously reported his back troubles to his supervisors, was suffering from a work-related injury, hence the cause of his termination by his employer is immaterial. See *Ins. Co. of N. A. v. Nix,* 141 Ga. App. 342, 343 (233 SE2d 468); *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (224 SE2d 127); *Beachamp v. Aetna Cas. &c Co.,* 112 Ga. App. 417, 418 (145 SE2d 605). There was evidence disclosing the claimant suffered a change for the worse by his own testimony and that of his treating physician. The change in condition was proximately caused by the work-related injury, and this evidence clearly supports the finding that the claimant's inability to work was proximately caused by the prior work-related injury. The superior court did not err in affirming the award of the board.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED
OCTOBER 12, 1978.

*Arthur K. Bolton, Attorney General, Wayne P. Yancey, Assistant Attorney General, G. Thomas Davis,* for appellants.

*Reginald Bellury,* for appellee.