## 56287. UTICA MUTUAL INSURANCE COMPANY et al. v. ALLEN.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978) granting the claimant compensation. *Held:*

1. The first issue to be decided is whether the claimant's injury arose out of and in the course of his employment.

The claimant was employed as night manager of the employer's restaurant. At approximately 2:15 a. m. a policeman was in the restaurant and told the claimant that he had noticed that, in violation of an ordinance, the door was open to Final Approach Lounge. The claimant volunteered to go with the policeman to the lounge. Upon entering the lounge they discovered a robbery was taking place. The claimant was wounded by bullets from the robber's weapon. Robertson, ex-general manager, who had been the claimant's superior, had instructed the claimant as part of his duties to check the lounge from time to time at closing to see if the restaurant's employees were causing any disturbance. Mr. Glen Lamar, the owner of the restaurant, testified that the claimant's duties were confined to the restaurant itself and he had never instructed any of his employees to check the lounge.

This evidence was sufficient to support a finding that the claimant's injuries arose out of and in the course of his employment.

2. The second issue to be decided is whether the claimant's unemployment is due to the injuries that he received. The claimant, after being hospitalized and while recuperating, returned to his job at the restaurant. The claimant testified that because the restaurant was experiencing some financial difficulties, some of the employees were discharged and additional duties were assigned to those who remained. The claimant testified that he was given additional duties such as bartending as well as floor service which required handling, carrying

and doing stock work and meat cutting. The claimant further testified that in his impaired condition, which resulted from the injuries he had received, he was physically unable to perform these extra duties and thereby he was forced to terminate his employment. The claimant also testified that he had sought other employment but had been unable to find any that he was able to perform.

Mr. Lamar, the owner of the restaurant, testified that the claimant was not given any additional duties when he returned to his job; that the claimant did not do his work properly; that due to economic conditions the claimant's job was dissolved.

The evidence though conflicting was sufficient to support a finding by the board that the claimant was forced to terminate his employment because of his injuries and was therefore entitled to compensation. The fact that a claimant quits a job after receiving an injury which disables him will not prevent the claimant from being entitled to compensation. *Roper Corp. v. Youngblood,* 142 Ga. App. 193 (235 SE2d 593). Neither would the fact that he was discharged for reasons unrelated to injury prohibit him from receiving compensation if he is disabled as a result of injuries he received on the job. *Fleming v. United States Fidelity &c. Co.,* 137 Ga. App. 492 (2) (224 SE2d 127).

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 16, 1978.

*Smith, Cohen, Ringel, Kohler & Martin, Robert L. Kiser,* for appellants.

*Hirsch, Beil & Partin, Jacob Beil, Milton Hirsch,* for appellee.