## 57347. INDEPENDENT LIFE INSURANCE COMPANY et al. v. SMITH.

McMurray, Presiding Judge.

The claimant in this workers' compensation case injured his back in the course of his employment as a debit agent during February of 1975. He was temporarily totally disabled during intermittent periods from April 1975 through January 1977. Claimant contends that a new injury occurred on August 8, 1977, when, in the course of his employment, he got out of his car and started around his car at which time his leg gave way causing him to fall and suffer an injury. Employer and insurer contend that claimant merely underwent another change in condition with regard to the injury originally sustained in February of 1975.

Claimant requested a hearing to determine all workers' compensation issues. The administrative law judge determined that claimant was totally disabled due to a change in condition and entered his award accordingly. On appeal to the Board of Workers' Compensation the majority of the board adopted the award of the administrative law judge.

All parties appealed to the superior court. Employer and insurer argued that because claimant was elected to a four year term as coroner commencing January 1, 1977, and receives $100 per month for his services in this capacity, he was only entitled to benefits for partial incapacity. Claimant's contention was that the majority of the board had failed to consider certain evidence.

In his findings of fact the administrative law judge stated in regard to claimant's contention of a new injury in the course of his employment that, "[t]he only support for this contention is an entry made by Dr. Bickerstaff's Office Manager . . ." Relying on this quoted language of the administrative law judge and further findings of fact that the claimant did not give a history of a new injury to another physician, the superior court determined that the board had failed to consider the report and deposition of Dr. Michael O'Connell which had been admitted into evidence. Whereupon, the superior court further determined that the board may not have applied the

proper rules of evidence in weighing claimant's positive testimony as to the alleged new injury against the testimony of claimant's supervisor which the court viewed as uncertain or negative testimony. The court also determined that the board did not err in awarding claimant total disability as opposed to partial disability.

The superior court remanded the case to the board due to the failure to weigh all of the evidence on the issue of new injury, or change in condition, and employer/insurer appeal. *Held:*

1. When considered together the report and deposition of Dr. O'Connell presents evidence in support of claimant's contention that while in the course of his employment his leg gave way causing him to fall and injure his back. It appearing that the State Board of Workers' Compensation has failed to consider this evidence, the superior court did not err in remanding this case to the board for further consideration. *Liberty Mut. Ins. Co. v. Nobles,* 147 Ga. App. 81 (248 SE2d 160) and case cited at p. 82.

2. Relying upon Code § 38-111 the superior court stated as an additional reason for remand, the failure of the claimant's supervisor to directly contradict the testimony of claimant that he telephoned his supervisor shortly after his alleged injury and told him he had fallen and hurt his back. This construction of the supervisor's testimony by the superior court was incorrect in view of the supervisor's testimony that he only remembered claimant stating that, "the pain was just too severe, he couldn't go on anymore," and the supervisor's repeated testimony that if claimant had said anything about falling he believed he would remember it. The board properly considered this issue, as the supervisor's testimony is not negative as to the report of injury.

3. The evidence authorizes a finding of fact that claimant is totally disabled from performing the duties of a debit agent or similar employment. Claimant's income as coroner was not included in the wages used to compute the compensation paid claimant under the agreement as to compensation. Nor is claimant's sedentary position as coroner similar to the duties of a debit agent which requires a great deal of standing and walking. The

superior court did not err in affirming the decision of the State Board of Workers' Compensation to award claimant compensation for total disability rather than partial disability. *Dixie Fire &c. Co. v. Thompson,* 110 Ga. App. 734 (140 SE2d 77); *St. Paul-Mercury Indem. Co. v. Idov,* 88 Ga. App. 697 (77 SE2d 327).

*Judgment affirmed in part and reversed in part. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED MARCH 7, 1979 — DECIDED MAY 29, 1979.

*Swift, Currie, McGhee & Hiers, Glover McGhee, John P. Reale,* for appellants.

*Jack J. Helms,* for appellee.