### 59115. ROWELL v. TRANSPORT INSURANCE COMPANY et al.

McMURRAY, Presiding Judge.

This case involves a discretionary appeal with reference to a workers' compensation claim as to a change in condition.

The claimant had sustained an on-the-job injury on August 23, 1976, and was paid compensation for time lost through March 14, 1977. In letters dated April 8, April 26, and May 16, 1978, claimant applied for a change in condition with reference to disability and also to determine if defendants failed to pay necessary medical expenses. These letters were received by the board, respectively, April 10, 1978 (also designated as received May 17, 1978), April 27, 1978, and June 19, 1978 (also marked received May 22, 1978).

On July 12, 1978, at the hearing, claimant contended that he was hospitalized twice since March 14, 1977, and that he had lost additional time due to a hearing impediment all of which he contends resulted from his original head injury. The employer's pay record discloses he was not paid from December 3, 1977, through December 17, 1977, which is marked as due to "pers. illness" and "11/25 off just sick till 1/10/78" with reduced payments 12-24-77 and 12-31-77. The claimant contends he was off work during this period because the company refused to work him before he got a hearing aid and he "couldn't get a car to drive." He contended he contacted Dr. Bateman who sent him to a "Dr. Gresham," although the next question asked of him on examination was "Who sent you to Dr. Gershon?" to which he replied, "Dr. Bateman." The record discloses payments by him to Dr. Gershon in Exhibit 5 in the amount of $45. His Exhibit 6 submitted in evidence was a number of checks as to

payments to Vollhaber Hearing Aid Service. In addition there is evidence in the record of a letter statement by Dr. Needham B. Bateman, M.D., as follows: "Mr. Rowell's hearing has been greatly impaired since this accident and he now has to wear a hearing aid to hear at all. This accident was sufficient to cause this loss of hearing and in my opinion, the accident was the sole cause of this hearing loss."

The administrative law judge made a finding of fact that "no intelligent findings with respect... [to lost time] . . . can be made from the evidence adduced." With reference to claimant's loss of hearing, he contended that the claimant only offered "a statement by Dr. Bateman connecting this [the hearing loss] with his on the job injury." The administrative law judge then determined "claimant's loss of hearing does not come within the provisions of Code Section 114-406.1 [See Ga. L. 1974, pp. 1143, 1148] since it was not due to prolonged exposure to noise. The evidence as to his loss of hearing clearly does not establish that it was total and thus it cannot be compensated under Code Section 114-406 (r)" (amended by Ga. L. 1978, pp. 2220, 2222, effective July 1, 1978). Based on the evidence, the administrative law judge then determined that the claimant had not undergone a change in condition, "and that no medical bills incurred as a result of his on the job injury are outstanding or unpaid by the employer or insurance carrier."

The Board of Workers' Compensation, upon a de novo consideration of all evidence, made the findings and conclusions of the administrative law judge its findings and conclusions and the superior court affirmed. Upon consideration of the discretionary appeal application we were of the opinion that the claim was decided on an erroneous legal theory inasmuch as there was a refusal to consider his loss of hearing as due to the traumatic injury and that under no circumstances was the claimant seeking to prove a prolonged exposure to industrial noise. The appeal was thus authorized as to the judgment of the superior court affirming the board. *Held:*

We make no determination of whether or not the periods of hospitalization show a change in condition from the original injury, however, we are of the opinion that the

administrative law judge and the board (affirmed by the superior court) decided this claim on an erroneous legal theory. Both contend the claimant's loss of hearing must arise from prolonged exposure to noise and that the evidence does not establish that it was total and that it cannot be compensated under the provisions of Code Ann. § 114-406 (r), supra. The claimant was seeking compensation under the provisions of Code Ann. § 114-406(s), as amended by Ga. L. 1974, pp. 1143, 1148, which applies to a "traumatic partial loss of hearing." The law therein states that the compensation for traumatic partial loss of hearing "shall be such proportions of the payments above provided for total loss as such partial loss bears to total loss." Code Ann. § 114-406 was again amended in 1978 (see pages 2220-2222), which became effective July 1, 1978. This hearing was held on July 12, 1978, with the award dated November 29, 1978, denying the claim for additional compensation or for medical expenses. It thus appears that the administrative law judge, the board and the superior court failed to apply the law as to a traumatic loss of hearing applicable with the 1974 amendment (Code Ann. § 114-406 (s), supra) as this claimant was contending that there was a change in condition due to his loss of hearing from the head injury among other things. The evidence is conflicting as to whether or not the loss of work was due to his hearing loss or personal illness. Claimant testified it was due to his head injury. Nevertheless, it is clear that the claim was denied on an erroneous legal theory requiring a reversal and a remand to the board for proper consideration of the claim and because the board has failed to consider all of the evidence presented to it by the claimant. See *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 781 (2) (227 SE2d 405); *Liberty Mutual Ins. Co. v. Nobles,* 147 Ga. App. 81 (248 SE2d 160); *Aetna Ins. Co. v. Jones,* 125 Ga. App. 471 (188 SE2d 180); *Barbree v. Shelby Mutual Ins. Co.,* 105 Ga. App. 186, 187-188 (123 SE2d 905); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 248(1) (141 SE2d 223); *Williams v. Morrison Assurance Co.,* 138 Ga. App. 191, 193 (1) (225 SE2d 778).

*Judgment reversed with direction. Smith and Banke, JJ., concur.*

SUBMITTED JANUARY 15, 1980 — DECIDED FEBRUARY 13, 1980.

*Jack Dorsey,* for appellant.
*Richard S. Howell,* for appellee.