### 62481. MILLS v. PEPSI-COLA BOTTLERS et al.

McMURRAY, Presiding Judge.

This is a workers' compensation case in which the claimant, pursuant to the provisions of Code Ann. § 6-701.1 (Ga. L. 1979, pp. 619, 620), was granted the right of appeal by order of this court.

Claimant contends he injured his back several times on the job and generally kept on working although there is evidence in the record that on one occasion he was paid workers' compensation benefits. He was employed as a pre-salesman or merchandiser and as a dispatcher by his employer. He first hurt his back in January 1978 working as a "merchandiser" when he "twisted" his back in taking drinks off a cart, "the flat broke and as I was going down to keep the drinks from busting on the floor, I heard something pop in my back. Snap, or whatever, and it hit the top of my toe . . . I kept on working that day . . . and the next day I told Bobby Hambrick, my immediate supervisor, what happened. He told me to fill out an accident report and go down and see the doctor . . . I believe I went to the Howell Clinic. I lost one day and went back to work and did the same type of work two or three more days." Claimant's back continued to hurt, and his employer put him back to work in the dispatcher's office. He then worked as a dispatcher for approximately three months. Claimant then went back out in the field again as a pre-salesman and sold, as shown by his testimony, "for about two or three months and I hurt my back again . . . in November . . . the beginning of November." He again reported the accident in November 1978 to his immediate supervisor, Bobby Hambrick, and lost about a week's time. When he returned to work they put him back to dispatching and for the remainder of his time he worked there as a dispatcher until terminated on July 20, 1979. On cross-examination his testimony was vague about the dates of injury. On re-direct examination he also testified that he "twisted" his back on July 25, 1978, and hurt his heel on July 28, 1978, both while working as a pre-salesman, and he fell on the job (a "liter" bursting on him at one of the stores) hurting his back on or about November 6, 1978. His medical records disclosed difficulties with his back during this period of time as shown above.

Several documents in the record (both claimant's exhibits and the employer/insurer exhibits) show evidence of workers' compensation injury and claims because of injury such as "1-5-78," "7-25-78," "7-28-78," including a Form WC 2 (7/78), reciting injury date as "1-5-78," disability date "1-11-78," with benefits payable from *November 8, 1978*," to be suspended *November 14, 1979*," employee-claimant returning to work on "November 15, 1979." Yet it is undisputed claimant was terminated on July 20, 1979.

The employer's personnel manager called for cross-examination testified as to whether there was "a report of a workmen's 'comp' injury on there in January of 1978, showing under the list of absences?" He answered, "Yes, sir," and as to the date, "It indicates the date was January 11th was the first time he lost time," that is, "Not paid. Hurt on the job." Thereafter, in reply as to a similar notation in November 1978, he replied, "Yes, sir," and read from the record notation, "November 7th through 10th, not paid, hurt back, workmen's 'comp.' November 14th — 13th through 14th ditto, and — down below in the next line." He next replied to a question whether he had notice of that injury, "No, sir, I do not," although the record refutes this as the employer and insurer must have had notice since workers' compensation is shown as having been paid. The record as disclosed by this witness shows the employer had notice as to his absences, the witness having replied "Yes, sir," the same having been taken from the time records. The claimant had testified that he did give notice as to his absences which were reported to the company. The termination date of July 20, 1979, does not appear to be in dispute while claimant was working as a dispatcher.

The administrative law judge in her findings of fact determined, "[t]he weight of the evidence shows that claimant failed to give the requisite notice of the alleged injury to his back on or about November 6, 1978," stating that the claimant's own testimony shows he was uncertain as to whether or not he ever had an accident in November 1978 and that if he had injured his back it could have occurred sometime in June or July of 1978 and that the claimant "failed to sustain the burden of proving an injury to his back on the job in November of 1978, and further, claimant has failed to sustain any period of disability by reason of a back injury on the job," reciting the medical testimony submitted in the case. The administrative law judge then determined that claimant was terminated "from the company for reasons totally unrelated to any injury on the job"; applied for unemployment compensation which was granted, and proceeded to search for employment; the testimony of the claimant appeared contradictory and inconsistent on several points; and concluding, "that in the absence of corroborating evidence of

claimant's actual injury and disability, claimant has failed to carry his burden of proof of a compensatory injury to his back while working for the above-named employer," the employer/insurer sustaining the burden of proving claimant's termination was for reasons unrelated to disability. Claimant was denied compensation. On review the State Board of Workers' Compensation adopted, with one dissent, the findings of the administrative law judge, amending same to show "claimant did not sustain a job-related injury to his back in November 1978, that any disability which claimant may have does not result from an on-the-job injury, and that claimant did not give notice of an alleged on-the-job accident." The dissenting member cited the claimant's Exhibit C-1 employment record (in particular the periods November 7, November 10, November 13 and November 14, showing "Hurt back/w/c") and stated that if "one is terminated even for just cause, and he is still suffering from a work-related disability, income benefits must be reinstated if he is unable to find employment because of that disability," citing *Fleming v. U. S. Fidelity &c. Co.,* 137 Ga. App. 492 (224 SE2d 127).

On appeal to the superior court the award of the board was affirmed because the board found claimant failed to prove a disabling job injury despite the fact that the board misstated the facts, but that the misstatement of evidence was not so significant as to indicate the award was erroneously influenced. Error is enumerated to the holding of the superior court that remand was not necessary by reason of the boards misstatement of facts; in failing to remand an award containing findings if there is an erroneous legal theory and in finding that the employee sustained no compensable injury. *Held:*

The findings of the administrative law judge that the claimant failed to give notice is erroneous since the totality of the evidence is that claimant was paid a workers' compensation benefit or benefits for an absence "from *November 8, 1978,*" and "suspended on *November 14, 1979"*albeit the Form WC 2 (7/78) was dated *"February 15, 1979."* Other records disclose he returned to work on November 14, 1978. This payment of benefit or benefits is apparently based upon either Example (a) or (b) shown in *Central State Hospital v. James,* 147 Ga. App. 308, 309 (248 SE2d 678), the claimant having been injured on "1-5-78" being forced to cease work on "11-7-78" due to a new accident or second accident to his back as described in the *Central State Hospital v. James* case as he continued to work on other occasions when he had previously hurt his back. The company records clearly disclose knowledge of the incident, or possibly several incidents, and the insurer's record discloses a payment of a benefit or benefits, hence the administrative law judge erred in holding there

was no "corroborating evidence of claimant's actual injury and disability," as all of the evidence discloses a compensable injury originally occurring "1-5-78," a disability date "1-11-78," "Out AGAIN 11-7-78," benefits payable "from *November 8, 1978*," suspended "on *November 14, 1979*." The board then compounded this error by holding "claimant did not sustain a job-related injury to his back in November of 1978," and also "claimant did not give notice of an alleged on-the-job accident." The superior court, while aware of the deficiency as to the "absence of corroborating evidence," affirmed the findings, amounting to a finding based on the erroneous legal theory of no accident and no notice. Even though the superior court was aware of the misstatement of the evidence it held this was not so significant as to require a reversal. We disagree as to this ruling. It is clear that the claim was denied on an erroneous legal theory requiring a reversal and a remand to the board for proper consideration of the claim and because the board has failed to consider the evidence presented to it by the claimant showing several injuries to his back, the payment of workers' compensation benefits for the injury to his back, showing clearly an admission by the employer/insurer as to notice of his original accident and being out again with the injury in November 1978. See *Rowell v. Transport Ins. Co.*, 153 Ga. App. 456 (265 SE2d 364), and cases cited therein at page 458.

Counsel for the opposing parties have argued extensively with reference to the meaning of such cases as *Fleming v. U. S. Fidelity &c. Co.*, 137 Ga. App. 492, supra, and *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287 (248 SE2d 661), with reference to when an employee is still suffering from a work related disability and is terminated even for just cause, if because of his disabilty, he is unable to find employment, he is entitled to have his income benefits reinstated. See in this connection *Beachamp v. Aetna Casualty &c. Co.*, 112 Ga. App. 417, 418 (145 SE2d 605); *Jenkins Enterprises v. Williams*, 122 Ga. App. 840, 841 (178 SE2d 926); *Continental Ins. Co. v. Lamar*, 147 Ga. App. 487 (249 SE2d 304). Clearly the board did not properly consider the case as to a change in condition or new accident. However, we do not reach the issue in the decision here as to whether or not the evidence would authorize a finding that the claimant was unable to find employment elsewhere because of his disability or that the evidence did not disclose that his disability had ended prior to his termination of employment. Nor do we pass upon the issue of whether or not his condition now would be due to a change in condition and not a new accident as set forth in Example (c) at page 309-310 of *Central State Hospital v. James*, 147 Ga. App. 308, supra. We merely determine that the case has been decided upon the

erroneous legal theories of no accident and no notice. Upon reversal the case must be remanded to the board for proper consideration of the entire claim.

*Judgment reversed with direction. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 8, 1981 —
REHEARING DENIED NOVEMBER 12, 1981.

*William V. George, Lavinia B. George,* for appellant.
*John F. Sacha,* for appellees.