## 62899. GLYNN COUNTY BOARD OF COMMISSIONERS et al. v. MIMBS.

QUILLIAN, Chief Judge.

The claimant, a police officer employed by Glynn County, sought recovery for Workers' Compensation benefits on the theory that his retirement from the police department was the result of disability caused by stress. He contended that he suffered from inogenous depression and anxiety neurosis which were disabling. After a hearing, the Administrative Law Judge ruled that the claimant failed to establish that his depression met the requirement of an occupational disease as described in Code Ann. § 114-803 (5) (d) (Ga. L. 1946, pp. 102, 106; 1971, pp. 895, 900), and therefore compensation was denied. The claimant appealed directly to the Glynn Superior Court which reversed the award and remanded the claim to the State Board of Workers' Compensation for referral to the Medical Board. The employer and its insurer filed an application for discretionary appeal which was granted by this court. We now consider this appeal. *Held:*

This is not an occupational disease. The Administrative Law Judge was correct in holding that the claimant did not prove that he was suffering from an occupational disease, because it did not meet the requirement of Code Ann. § 114-803 (5): "That the disease is not an ordinary disease of life to which the general public is exposed."

However, the Administrative Law Judge was wrong to deny compensation since the fact claimant's alleged disability was not an occupational disease would not preclude him from recovering. Instead, the claim should be considered under the general provisions of Ch. 114-4 of the Workers' Compensation Act (Code Ann. Ch. 114-4; Code Ch. 114-4; as amended through Ga. L. 1978, pp. 2220, 2222); which, among other requirements, provides for a determination as to whether the claimant was disabled and if so whether the disability arose out of and in the course of his employment.

Hence, the superior court judge was correct in reversing the award but his direction that it be referred to the Medical Board was error.

The judgment is therefore affirmed in part, reversed in part, with direction that the case be remanded to the State Board of Workers' Compensation to determine whether the claimant suffered a disability which was compensable under the provisions of Code Ann. Ch. 114-4.

*Judgment affirmed in part; reversed in part, with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1982 —
REHEARING DENIED FEBRUARY 19, 1982.

*Richard A. Brown, Jr.*, for appellants.
*John Browning*, for appellee.