### 66856. FRANCIS EGG FARM and LIBERTY MUTUAL INSURANCE COMPANY v. DURRANCE.

SOGNIER, Judge.

Geraldine Durrance was an employee of Francis Egg Farm when on July 27, 1981 she experienced nausea and chest pains upon lifting a crate of eggs. Following hospitalization and a week's lay-off she returned to work, but after a repeat incident of chest pains she quit her employment and subsequently sought workers' compensation benefits. The administrative law judge's denial of Durrance's claim was adopted by the Board of Workers' Compensation. The Superior Court of Atkinson County reversed the Board's denial of benefits and remanded the case for reconsideration. Francis Egg Farm and its insurer, Liberty Mutual Insurance Company, appeal.

Appellants contend that the superior court erred in reversing and remanding the case to the Board. If there is any evidence to support a finding of the Workers' Compensation Board, the superior court may not reverse the award unless errors of law were committed. *Calhoun v. Mergentine/KVN &c.,* 165 Ga. App. 610 (302 SE2d 401) (1983). Testimony by a doctor who examined appellee was presented to the ALJ that in the doctor's professional opinion the reason for appellee's chest pains and other heart problems was a pre-existing prolapsed mitral heart valve condition which had progressed to such a state that any activity, including sleeping or everyday exertions, could cause the type of spell experienced by appellee. Therefore, the ALJ's finding as to the noncompensability of appellee's heart problem was not without any evidence to sustain it. *Ga. Bldg. Auth. v. Stroup,* 144 Ga. App. 522 (241 SE2d 630) (1978).

The superior court stated that it was reversing the Board because the award was based upon an erroneous legal theory. We find no support for the superior court in *Rowell v. Transport Ins. Co.,* 153 Ga. App. 456 (265 SE2d 364) (1980), since it does not appear to us that there was any comparable failure by the ALJ to consider any

pertinent legal theory in light of the evidence presented to him. Nor do we find *Glynn County Board v. Mimbs,* 161 Ga. App. 350 (291 SE2d 62) (1982), applicable since it is clear that the ALJ and the Board in the instant case fully considered appellee's claim under the general provisions of the Workers' Compensation Act.

Therefore, because legal evidence supports the findings and conclusions of the ALJ and the Board, and because there was no application of any erroneous legal theory, the superior court erred in reversing the decision of the Board.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984 —
REHEARING DENIED FEBRUARY 20, 1984 — 

*George T. Talley,* for appellants.
*Jack J. Helms,* for appellee.